OPINION *Page 2 
{¶ 1} On December 10, 2004, appellant, Robert Meese, was charged with telecommunications harassment in violation of R.C. 2917.21(A)(5). On August 26, 2005, appellant appeared in court to enter a no contest plea. By judgment entry filed October 10, 2005, the trial court sentenced appellant to sixty days in jail.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT WITHOUT COMPLYING WITH CRIMINAL RULE 11(E) AND WITHOUT ENTERING A FINDING OF GUILT ON THE RECORD."
 I {¶ 4} Appellant claims the trial court failed to follow Crim.R. 11 and failed to enter a finding of guilty. We agree.
 {¶ 5} Crim.R. 11 governs pleas. Subsection (E) states, "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 6} We have reviewed the record and find no explanation by the trial court to appellant regarding the effect of his no contest plea. We note appellant never actually entered a plea, as his defense counsel informed the trial court that his client wished to "enter a plea of no contest." August 26, 2005 T. at 2. The prosecutor then stated, "first I think before any pleas are made a withdrawal of the defendant's Motion to Dismiss due *Page 3 
to the unconstitutionality of the statute." Id. The transcript is four pages long and does not include any other references to a plea. In an August 26, 2005 judgment entry, the trial court stated, "Defendant withdrew his motion to dismiss and said motion was granted. Defendant entered a `no contest' plea and case set for sentencing so that Prosecutor could notify the victim."
 {¶ 7} Not only was Crim.R. 11(E) not complied with, appellant never entered a plea.
 {¶ 8} In addition, the trial court never entered a finding of "guilty." The only reference to a guilty finding is contained in the trial court's October 10, 2005 judgment entry of sentence wherein the trial court stated, "Defendant has previously been found `GUILTY' of violation(s) of Sec. 2917.21A5." This statement does not reflect that in fact a guilty finding was ever made.
 {¶ 9} Upon review, we find the trial court failed to follow Crim.R. 11 and failed to enter a finding.
 {¶ 10} The sole assignment of error is granted. *Page 4 
 {¶ ll} The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is reversed.
 Farmer, J. Hoffman, P.J. and Edwards, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1