DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Defendant/Appellant, Michael L. Miller, appeals from his conviction and sentencing in the Medina County Court of Common Pleas.
 {¶ 2} In November 2005, Defendant was indicted on one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree. Defendant initially pled not guilty. Following the trial court's denial of his motion to discharge pursuant to R.C.2945.73, the Defendant entered a plea of no contest and appealed to this Court, raising two assignments of error.
 Assignment of Error No. 1 *Page 2 "The trial court erred by denying [Defendant's] motion to discharge pursuant to R.C. 2945.73
where: (1) more than two hundred seventy days had elapsed for purposes of calculating speedy trial time under Ohio's speedy trial act, R.C. 2945.71
et seq.; and (2) [Defendant's] failure to respond to the state's demand for discovery did not toll time pursuant to R.C. 2945.72(D) because the state never filed a motion to compel discovery and [Defendant] had no discoverable material to provide the state in any event."
 Assignment of Error No. 2 "[Defendant's] trial counsel provided ineffective assistance of counsel in violation of the sixth amendment to the United States Constitution, where he failed to promptly respond in writing to the state of Ohio's demand for discovery thus resulting in both the trial court's determination that speedy trial time was tolled pursuant to R.C. 2945.72 and its denial of [Defendant's] motion for discharge pursuant to R.C. 2945.73."
 {¶ 3} We are obligated to raise sua sponte questions related to our jurisdiction. Whitaker-Merrell Co. v. Geupel Constr. Co. (1972),29 Ohio St.2d 184, 186. We find that the trial court's judgment entry fails to satisfy the requirements of Crim.R. 32(C), and that the trial court has therefore not issued a final appealable order. See, e.g., State v.Earley, 9th Dist. No. 23055, 2006-Ohio-4466. Therefore, we find that we do not have jurisdiction over this appeal. Section 3(B)(2), Article IV, Ohio Constitution; State v. Tripodo (1977), 50 Ohio St.2d 124, 127.
 {¶ 4} Crim.R. 32(C) states, in pertinent part, that,
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." *Page 3 
 {¶ 5} This Court examined the Rule's requirements almost 15 years ago in State v. Morrison (Apr. 1, 1992), 9th Dist. No. 2047, where we held:
"This rule requires that the trial court's judgment of conviction contain:
 "1. the plea;
 "2. the verdict or findings;
 "3. the sentence;
 "4. the signature of the judge; and
 "5. the time stamp of the clerk to indicate journalization." Id. at *2.
 {¶ 6} We are compelled to revisit this holding in light of the number of cases that do not comply with Crim.R. 32(C).
 The Plea {¶ 7} Crim.R. 32(C) requires the trial court's judgment entry to state the Defendant's plea. As it relates to the plea, we noted inMorrison that the "better practice for the trial court [is] to explicitly set forth a defendant's plea" but, where it is clear from the record what plea the defendant entered, this Court would find the "plea is implicit within the judgment of the trial court." Id. This has been the law of this district for many years and trial courts have relied on it when entering judgments.
 {¶ 8} Notwithstanding the importance of stare decisis, there are times when courts must reconsider their prior decisions; this is one of those times. We *Page 4 
hold that trial courts must comply with the specific language of Crim.R. 32(C) in judgment entries entered after the date of this decision by setting forth the plea in the final judgment entry. This result will accomplish the Supreme Court's goal of insuring that "the parties, particularly the defendant in a criminal case, be fully aware of the time from which appeal time commences running." Tripodo,50 Ohio St.2d at 127.
 {¶ 9} After a review of the trial court's journal entries (because the plea is not set forth in the judgment entry), we find that Defendant entered a plea of no contest to one count of receiving stolen property. Therefore, following Morrison, we find that the trial court complied with the first requirement of Crim.R. 32(C).
 {¶ 10} For judgment entries entered after this decision is journalized, this Court will not search the record to determine what plea the defendant entered. The trial court's judgment entry must comply fully with Crim.R. 32(C) by setting forth the defendant's plea of not guilty, guilty, no contest, or not guilty by reason of insanity. To the extent Morrison held that this Court would review the entire record or review multiple journal entries, Morrison is overruled.
 The Verdict or Findings {¶ 11} Crim.R. 32(C) also requires the trial court to set forth the "verdict or findings." Following either a jury trial or a bench trial, the trial court must set forth the verdict in the judgment entry. The verdict is the "jury's finding or decision on the factual issues of a case." State v. Lomax, 96 Ohio St.3d 318, 2002-Ohio-4453, ¶ 23. *Page 5 
In the case of a plea of guilty or no contest, the trial court must enter its finding on the plea.
 {¶ 12} In this case, the trial court failed to set forth a finding of guilt. Instead, the judgment entry stated that the Defendant "has been convicted" of receiving stolen property:
 "The Court finds the defendant has been convicted of `Receiving Stolen Property', a violation of Revised Code section 2913.51(A), a felony of the fifth degree."
 {¶ 13} This language fails to enter a finding of guilt. The trial court must, as mandated by Crim.R. 32(C), enter a finding of guilt. The Fifth District recently reached the same conclusion:
 "[T]he trial court never entered a finding of `guilty.' The only reference to a guilty finding is contained in the trial court's October 10, 2005 judgment entry of sentence wherein the trial court stated, `Defendant has previously been found "GUILTY" of violation(s) of Sec. 2917.21A5.' This statement does not reflect that in fact a guilty finding was ever made." State v. Meese, 5th Dist. No. 2005AP11075, 2007-Ohio-742
(emphasis added).
 {¶ 14} In this case, the trial court's judgment entry failed to enter the requisite finding of guilt. Crim.R. 32(C) requires the trial court's judgment entry to set forth the verdict or findings. We note that, in the context of a guilty or no contest plea, it is also not sufficient for the trial court to note only that it accepted the defendant's plea. The trial court must enter a finding of guilt to comply with Crim.R. 32(C). *Page 6 
 {¶ 15} Finally, we agree with the Fourth District's analysis inState v. Sandlin, 4th Dist. No. 05CA23, 2006-Ohio-5021:
 "[Although it is obvious that the trial court found Appellant guilty of this remaining charge (because a sentence for that charge was imposed), Crim.R. 32(C) requires that the verdict itself be recorded in the court's journal. Without the journalization of this information, there is no judgment of conviction pursuant to Crim.R. 32(C), and therefore, no final appealable order." Sandlin, at *3.
 {¶ 16} In this case, we find the trial court failed to set forth a finding of guilt as Crim.R. 32(C) requires. Therefore, the judgment entry does not constitute a final appealable order and we are without jurisdiction to consider the merits of Defendant's appeal.
 The Sentence {¶ 17} Our review of the sentence establishes that the trial court's judgment entry sets forth a sentence for the sole count at issue. Therefore, the judgment entry complies with Crim.R. 32(C) in this respect.
 The Signature of the Judge {¶ 18} The trial court's judgment entry bears the signature of the trial court judge. Therefore, it complies with Crim.R. 32(C) in this respect.
 The Time Stamp of the Clerk to Indicate Journalization. {¶ 19} Finally, the trial court's judgment entry bears the time stamp of the clerk of the trial court. Therefore, it complies with Crim.R. 32(C) in this respect.
 Conclusion *Page 7 {¶ 20} The trial court's judgment entry fails to comply with Crim.R. 32(C). Therefore, we dismiss this appeal for lack of subject matter jurisdiction in that the trial court has not rendered a final appealable order. We encourage the trial court to enter a judgment entry as soon as possible that complies with Crim.R. 32(C).[1] After the trial court files that entry, if Defendant desires to appeal, he must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case and we will consider the appeal in an expedited fashion. See, e.g., Sandlin, n. 4.
Appeal Dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 8 
WHITMORE, J. CONCURS
[1] Trial courts that utilize a form judgment entry must be certain that the form complies with this decision. The form must reflect the plea, the verdict or findings, the sentence, and the judge's signature. When that form is journalized by the clerk, it will comply with Crim.R. 32(C).