DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Defendant appeals his conviction in the Lorain County Court of Common Pleas. We dismiss for lack of jurisdiction.
 {¶ 2} On April 4, 2006, an indictment was filed in the Lorain County Court of Common Pleas against Defendant on four counts. According to the trial court's journal entry following a pre-trial hearing, Defendant pled not guilty on May 4, 2006. After a trial, a jury found him guilty on all four counts. The court sentenced him on June 9, 2006, as is reflected in the sentencing entry.
 {¶ 3} Defendant now appeals, raising two assignments of error for our review: *Page 2 
 FIRST ASSIGNMENT OF ERROR "[Defendant] was deprived of his right to the effective assistance of trial counsel, in contravention of the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution."
 SECOND ASSIGNMENT OF ERROR "In violation of Due Process, the guilty verdicts on the aggravated robbery, aggravated burglery (sic) and robbery were entered against the manifest weight of the evidence."
 {¶ 4} Defendant contends that he was deprived of the effective assistance of trial counsel, and that the guilty verdicts entered against him were against the manifest weight of the evidence. We decline to reach the merits of his arguments because we find that we lack jurisdiction to hear this appeal.
 {¶ 5} This Court recently decided State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353 in which it clearly enumerated the elements of Crim.R. 32(C) that must be present in a judgment entry of conviction in order for that entry to constitute a final appealable order.
 {¶ 6} "We are obligated to raise sua sponte questions related to our jurisdiction. Whitaker-Merrell Co. v. Geupel Constr. Co. (1972),29 Ohio St.2d 184, 186. We find that the trial court's judgment entry fails to satisfy the requirements of Crim.R. 32(C), and that the trial court has therefore not issued a final appealable order. See, e.g., State v.Earley, 9th Dist. No. 23055, 2006-Ohio-4466. Therefore, we find that we do not have jurisdiction over this appeal. *Page 3 
Section 3(B)(2), Article IV, Ohio Constitution; State v. Tripodo
(1977), 50 Ohio St.2d 124, 127." Miller at ¶ 3.
 {¶ 7} Crim.R. 32(C) states, in pertinent part:
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 8} This Court observed in Miller that Crim.R. 32(C) sets forth five elements that must be present in any judgment of conviction in order for that judgment entry to be final and appealable:
 1. the plea;
 2. the verdict or findings;
 3. the sentence;
 4. the signature of the judge; and
 5. the time stamp of the clerk to indicate journalization. See Miller at ¶ 5.
 {¶ 9} The first element required under Crim.R. 32(C) is the plea.Miller held as follows:
 "For judgment entries entered after this decision is journalized, this Court will not search the record to determine what plea the defendant entered. The trial court's judgment entry must comply fully with Crim.R. 32(C) by setting forth the defendant's plea of not guilty, guilty, no contest, or not guilty by reason of insanity." Miller at ¶ 10.
 {¶ 1O} After the journalization of Miller, any sentencing orders journalized in the trial court must include the defendant's plea, regardless of how he pled and *Page 4 
regardless of the circumstances of the case. The judgment entry in the instant case gives no indication of Defendant's not guilty plea, and therefore does not comply with Crim.R. 32(C) in that respect. However, because the judgment entry was entered prior to this Court's decision inMiller, we do not dispose of this case on that basis. Instead, we proceed to the verdict or findings as required by Crim.R. 32(C), and as discussed in Miller. See, also, State v. Williams, 9th Dist. No. 06CA008927, 2007-Ohio-1897 (clarifying the Miller decision as it relates to the Crim.R. 32(C) requirement that a plea be included in the trial court judgment entry).
 {¶ 11} The second element of a judgment entry under Crim.R. 32(C) is the verdict or findings.
 "Following either a jury trial or a bench trial, the trial court must set forth the verdict in the judgment entry. The verdict is the `jury's finding or decision on the factual issues of a case.' State v. Lomax, 96 Ohio St.3d 318, 2002-Ohio-4453, ¶ 23. In the case of a plea of guilty or no contest, the trial court must enter its finding on the plea." Miller at ¶ 11.
 {¶ 12} This Court held in Miller that "in the context of a guilty or no contest plea, it is also not sufficient for the trial court to note only that it accepted the defendant's plea. The trial court must enter a finding of guilt to comply with Crim.R. 32(C)." Miller at ¶ 14. See, also, State v. Sandlin, 4th Dist. No. 05CA23, 2006-Ohio-5021, at *3 (Deciding that the imposition of a sentence does not satisfy this element of Crim.R. 32(C), which "requires that the verdict [or finding] itself be recorded in the court's journal," and that "[w]ithout the journalization of this *Page 5 
information, there is no judgment of conviction pursuant to Crim.R. 32(C) and therefore, no final appealable order."); State v. Meese, 5th Dist. No. 2005AP11075, 2007-Ohio-742 (Finding that the trial court's notation that a defendant has "previously been found `GUILTY'" does not satisfy finding requirement of Crim.R. 32(C).)
 {¶ 13} The judgment entry in this case does not make any indication that Defendant had a jury trial, and that it was the jury that found him guilty. The judgment entry form simply indicates Defendant's "having been found guilty of the charges for which he was ultimately sentenced. This language is not sufficient to satisfy Crim.R. 32(C). The entry must indicate that the jury reached a verdict of guilt. Without such language, the entry is not a final appealable order.
 {¶ 14} In addition to the plea and the verdict or findings, Crim.R. 32(C) also requires that the sentence be included. The trial court did include the sentence in this case, and therefore the judgment entry complies with Crim.R. 32(C) in that respect. Miller at ¶ 17.
 {¶ 15} The final element that a judgment entry must contain according to Crim.R. 32(C) is the signature of the trial court judge. This entry contains the judge's signature, and therefore complies with Crim.R. 32(C) in that respect. Miller at ¶ 18.
 {¶ 16} Crim.R. 32(C) requires that the judgment entry containing each of the elements enumerated above be time stamped by the clerk to indicate *Page 6 
journalization. This order does bear the clerk's time stamp, and has therefore been properly journalized in accordance with Crim.R. 32(C).Miller at ¶ 19.
 {¶ 17} Because the trial court's judgment entry fails to comply with Crim.R. 32(C), in that it lacks a proper record of the verdict, we dismiss this appeal for lack of subject matter jurisdiction on the grounds that the trial court has not rendered a final appealable order. As we held in Miller,
 "We encourage the trial court to enter a judgment entry as soon as possible that complies with Crim.R. 32(C). After the trial court files that entry, if Defendant desires to appeal, he must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case and we will consider the appeal in an expedited fashion. See, e.g., Sandlin, n. 4." Miller at ¶ 20.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to Appellant. *Page 7