DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} On May 5, 2006, Jessica Combs was convicted and sentenced for her third offense of operating a motor vehicle while intoxicated ("OVI") within six years. While the trial court's Journal Entry imposed a sentence of incarceration, probation, fines, and a license suspension upon Ms. Combs, it did not contain a plea or a finding of guilt by the trial court. The issue, which this Court raises sua sponte, is whether the trial court's Journal Entry satisfies the jurisdictional requirements recently outlined by this Court in State v. Miller, Medina App. No. 06CA0046-M, 2007-Ohio-1353. This Court dismisses Ms. Combs's attempted appeal because the trial court's Journal Entry does not comply *Page 2 
with Rule 32(C) of the Ohio Rules of Criminal Procedure, thus rendering it a non-final judgment.
 I. {¶ 2} Ms. Combs pleaded no contest to her third OVI offense in six years, driving under OVI suspension, and a seat belt violation in Oberlin Municipal Court. The trial court journalized a conviction and sentencing entry containing the judge's signature and the sentence. The sentencing entry, however, did not contain Ms. Combs's no contest plea nor the trial court's finding of guilt. Ms. Combs timely appealed her conviction and sentence.
 II. {¶ 3} Before an appellate court may reach the merits of an appellant's assignments of error, it must determine whether the order appealed from is final and appealable. Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,44 Ohio St. 3d 17, 20 (1989). See Section 3(B)(2), Article IV, Ohio Constitution. Courts of appeals are required to sua sponte raise jurisdictional issues involving final, appealable orders and to dismiss all appeals that do not comport with the requirements of a final, appealable order. In re Murray, 52 Ohio St. 3d 155, 159, n. 2 (1990);Whitaker-Merrell Co. v. Geupel Constr. Co., 29 Ohio St. 2d 184, 186
(1972).
 {¶ 4} Rule 32(C) of the Ohio Rules of Criminal Procedure sets forth the requirements that must be present in a trial court's judgment of conviction. State v. *Page 3 Earley, Summit App. No. 23055, 2006-Ohio-4466 at ¶ 3. Recently, this Court outlined and discussed the requirements of Rule 32(C):
 {¶ 5} The rule requires that the trial court's judgment of conviction contain:
 1. the plea;
 2. the verdict or findings;
 3. the sentence;
 4. the signature of the judge; and
 5. the time stamp of the clerk to indicate journalization.
State v. Miller, Medina App. No. 06CA0046-M, 2007-Ohio-1353, at ¶ 5
(quoting State v.
 Morrison, Medina App. No. 2047, 1992 WL 67601, at *1 (Apr. 1, 1992), overruled on other grounds by Miller at ¶ 10). This Court concluded inMiller that a judgment of conviction that does not contain all five of the things listed in Rule 32(C) is not a final, appealable order. But see State v. Williams, Lorain App. No. 06CA008927, 2007-Ohio-1897
(Dickinson, J. concurring).
 {¶ 6} The trial court's May 5, 2006, judgment entry of conviction and sentence contains all of the requirements of Rule 32(C) except Ms. Combs's no contest plea and the trial court's finding of guilt. With respect to the inclusion of the plea in the judgment entry, this Court's decision in Miller mandates that the plea must be included in all judgments of conviction journalized on or after March 27, 2007.Miller, supra at ¶ 10. Any judgment entries filed prior to March 27, 2007, will be afforded the courtesy extended in Morrison of looking through the record for the plea or inferring the plea based on the verdict or finding. Id.; Morrison, supra at *1. The judgment entry in this *Page 4 
matter was journalized well before this Court's decision inMiller. After a search of the record, this Court has determined that Ms. Combs entered a written plea of no contest to her third OVI offense in six years, driving under OVI suspension, and a seat belt violation on March 9, 2006. Therefore, following Morrison, this Court determines that the trial court complied with the plea requirement.
 {¶ 7} As to the finding of guilt, the trial court did not set forth any finding in response to Ms. Combs's no contest plea. A finding of guilt is particularly necessary in the context of a no contest plea, because a no contest plea is "not an admission of defendant's guilt, [only] an admission of the truth of the facts alleged in the indictment . . ." Crim. R. 11(B)(2). The judgment entry merely stated Ms. Combs was present in court "for sentencing having previously been convicted" of her third OVI offense in six years, driving under OVI suspension, and no seat belt. The phrase "having previously been convicted" is not a finding of guilt as necessitated by Rule 32(C). Miller, supra at ¶ 13 (quoting State v. Meese, 5th Dist. No. 2005AP11075, 2007-Ohio-742
at ¶ 8). Nor may the trial court "accept" a no contest or guilty plea.Id. at ¶ 14. The only appropriate response to a no contest or guilty plea is for the trial court to make a finding of guilt. In this case, there was no finding of guilt by the trial court as required by Rule 32(C). Accordingly, this appeal must be dismissed because the trial court's Journal Entry from which Ms. Combs has attempted to appeal is not a final, appealable order, and, therefore, this Court is without subject matter jurisdiction. *Page 5 
 III. {¶ 8} The trial court's Journal Entry in this case did not constitute a final, appealable order. Accordingly, this appeal is dismissed for lack of subject matter jurisdiction. This Court encourages the trial court to enter a judgment as soon as possible that complies with Rule 32(C) of the Ohio Rules of Criminal Procedure. After the trial court files that entry, if Ms. Combs desires to appeal, she must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case, and, if they do so, this Court will consider that appeal in an expedited manner. See State v.Sandlin, 4th Dist. No. 05CA23, 2006-Ohio-5021, n. 4.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 CLAIR E. DICKINSON FOR THE COURT *Page 6 
SLABY, P. J. CONCURS