DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Michael Reese, appeals from his re-sentencing in the Medina County Court of Common Pleas. This Court dismisses the appeal.
 I. {¶ 2} On November 29, 2004, Appellant was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b)(B), with the victim being under the age of ten. Appellant waived reading of the indictment and entered a plea of "not guilty."
 {¶ 3} On March 2, 2005, a change of plea hearing was held. Prior to Appellant's change of plea, the State moved to amend the indictment regarding the *Page 2 
age of the victim to read "less than 13 years of age," in violation of R.C. 2907.02(A)(1). The trial court granted the State's motion to amend the charge and Appellant changed his formerly entered "not guilty" plea to "guilty." The trial court found Appellant guilty of rape and on June 13, 2005, sentenced him to ten years incarceration. The trial court also designated Appellant a sexual predator. Appellant appealed the decision and this Court affirmed the finding that he was a sexual predator, but vacated his sentence pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. We remanded for re-sentencing. On June 28, 2006, the trial court re-sentenced Appellant to ten years incarceration. Appellant timely appealed from the re-sentencing, assigning one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS PRECLUDES THE TRIAL COURT'S RETROACTIVE APPLICATION OF THE FOSTER DECISION IN THE INSTANT CASE[.]"
 {¶ 4} In his sole assignment of error, Appellant contends that the ex post facto and due process clauses of the United States and Ohio Constitutions preclude the trial court's retroactive application of theFoster decision.
 {¶ 5} We are required to raise sua sponte issues regarding our jurisdiction. Whitaker-Merrell Co. v. Geupel Constr. Co., Inc. (1972),29 Ohio St.2d 184, 186. We find that the trial court's judgment entry fails to satisfy the mandates of *Page 3 
Crim. R. 32(C) and as such, is not a final appealable order. State v.Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, at ¶ 3. Accordingly, we do not have jurisdiction to hear this appeal. Id. citing Section 3(B)(2), Article IV, Ohio Constitution; State v. Tripodo (1977),50 Ohio St.2d 124, 127.
 {¶ 6} Crim. R. 32(C) states, in pertinent part, that,
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 7} This Court observed in Miller that Crim. R. 32(C) sets forth five elements that must be present in any judgment of conviction in order for that judgment entry to be final and appealable:
 "1. the plea;
 "2. the verdict or findings;
 "3. the sentence;
 "4. the signature of the judge; and
 "5. the time stamp of the clerk to indicate journalization. See Miller at ¶ 5.
 {¶ 8} The first element required under Crim. R. 32(C) is the plea.Miller held as follows:
 "For judgment entries entered after this decision is journalized, this Court will not search the record to determine what plea the defendant entered. The trial court's judgment entry must comply fully with Crim. R. 32(C) by setting forth the defendant's plea of not guilty, guilty, no contest, or not guilty by reason of insanity." Miller at ¶ 10. *Page 4 
After the journalization of Miller, any sentencing orders journalized in the trial court must include the defendant's plea, regardless of how he pled and regardless of the circumstances of the case. In the present case, the judgment entry does not state Defendant's plea, and therefore does not comply with Crim. R. 32(C). However, because the judgment entry was entered prior to this Court's decision in Miller, we do not dispose of this case on that basis. Instead, we proceed to the verdict or findings as required by Crim. R. 32(C), and as discussed inMiller. See, also, State v. Williams, 9th Dist. No. 06CA008927,2007-Ohio-1897 (clarifying the Miller decision as it relates to the Crim. R. 32(C) requirement that a plea be included in the trial court judgment entry).
 {¶ 9} The second element of a judgment entry under Crim. R. 32(C) is the "verdict or findings."
 "Following either a jury trial or a bench trial, the trial court must set forth the verdict in the judgment entry. The verdict is the `jury's finding or decision on the factual issues of a case.' State v. Lomax, 96 Ohio St.3d 318, 2002-Ohio-4453, ¶ 23. In the case of a plea of guilty or no contest, the trial court must enter its finding on the plea." Miller at ¶ 11.
 {¶ 10} This Court held in Miller that "in the context of a guilty or no contest plea, it is also not sufficient for the trial court to note only that it accepted the defendant's plea. The trial court must enter a finding of guilt to comply with Crim. R. 32(C)." Miller at ¶ 14. See, also, State v. Sandlin, 4th Dist. No. 05CA23, 2006-Ohio-5021, at *3 (deciding that the imposition of a sentence does not satisfy this element of Crim. R. 32(C), which "requires that the verdict [or finding] itself *Page 5 
be recorded in the court's journal," and that "[w]ithout the journalization of this information, there is no judgment of conviction pursuant to Crim. R. 32(C) and therefore, no final appealable order").
 {¶ 11} In the instant case, the trial court failed to set forth a finding of guilty, thus failing to meet the requirements under Crim. R. 32(C). Instead, the judgment entry stated that Appellant "has been convicted of `Rape[.]'" Similarly, in Miller we found that "`[t]his statement does not reflect that in fact a guilty finding was ever made.'" Id. at ¶ 13, quoting State v. Meese, 5th Dist. No. 2005AP11075,2007-Ohio-742, at ¶ 8 (finding that the trial court's notation that a defendant has "previously been found `GUILTY'" does not satisfy finding requirement of Crim. R. 32(C)). Without the requisite finding of guilt, the judgment entry does not constitute a final appealable order. Therefore, we are without jurisdiction to consider the merits of Appellant's appeal.
 {¶ 12} The journal entry meets the remaining requirements of Crim. R. 32(C) in that it states the sentence, contains the signature of the judge and the time stamp of the clerk.
 {¶ 13} Because the trial court's judgment entry fails to comply with Crim. R. 32(C) because it lacks the trial court's finding of Defendant's guilt, we dismiss this appeal for lack of subject matter jurisdiction on the grounds that the trial court has not rendered a final appealable order. As we held in Miller,
 "We encourage the trial court to enter a judgment entry as soon as possible that complies with Crim. R. 32(C). After the trial court files *Page 6 
that entry, if Defendant desires to appeal, [she] must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case and we will consider the appeal in an expedited fashion. See, e.g., Sandlin, n. 4." Miller at ¶ 20.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
SLABY, P. J. CONCURS