DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Defendant/Appellant William O'Neal appeals from the decision of the Medina County Court of Common Pleas sentencing him to thirteen years in prison for several charges arising from an incident in October of 2004. We find that we lack jurisdiction to decide this appeal.
 {¶ 2} On October 13, 2004, Defendant entered Christie's Cabaret in Brunswick and held an employee, Tina Harrell, at gunpoint. The police were called, and Defendant exchanged fire with police and then shot Ms. Harrell in the abdomen. Defendant was shot twice by police, and Ms. Harrell was taken by *Page 2 
rescue personnel to the hospital, where she was treated for extensive injuries to her abdomen. Ms. Harrell survived the incident.
 {¶ 3} Defendant pled guilty on May 16, 2005, to the following charges: kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree; felonious assault with a firearm specification in violation of R.C. 2903.11(A)(1), a felony of the second degree; carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree; and illegal possession of a firearm in a liquor permit premises in violation of R.C. 2923.121, a felony of the fifth degree. He was sentenced to thirteen years in prison in a sentencing hearing held June 6, 2005.
 {¶ 4} On May 8, 2006, the trial court held a re-sentencing hearing in accordance with the decision of the Supreme Court of Ohio in State v.Foster (2006), 109 Ohio St.3d 1. Later, on June 9, 2006, the trial court held another re-sentencing hearing to clarify its decision from the May 8 hearing. It is from the sentencing entry reflecting the June 9 hearing that Defendant appeals. Defendant raises four assignments of error:
 FIRST ASSIGNMENT OF ERROR "In re-sentencing [Defendant] to the sentence originally imposed the Court violated [Defendant's] Due Process rights by retroactively applying the Foster decision in the instant case."
 SECOND ASSIGNMENT OF ERROR "The Court erred when on two separate occasions it denied [Defendant's] motion to withdraw his plea." *Page 3 
 THIRD ASSIGNMENT OF ERROR "The Court erred when it denied, on two separate occasions [Defendant's] Motions of Recusal."
 FOURTH ASSIGNMENT OF ERROR "The Court erred when it relied upon the incomplete, inaccurate and erroneous information in the PSI report as part of its consideration in imposing its sentence."
 {¶ 5} We find that the sentencing entry from which Defendant appeals is not a final appealable order. This court recently decided State v.Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, in which it clearly enumerated the elements of Crim. R. 32(C) that must be present in a judgment entry of conviction in order for that entry to constitute a final appealable order. We held as follows:
 {¶ 6} "We are obligated to raise sua sponte questions related to our jurisdiction. Whitaker-Merrell Co. v. Geupel Constr. Co. (1972),29 Ohio St.2d 184, 186. We find that the trial court's judgment entry fails to satisfy the requirements of Crim. R. 32(C), and that the trial court has therefore not issued a final appealable order. See, e.g., State v.Earley, 9th Dist. No. 23055, 2006-Ohio-4466. Therefore, we find that we do not have jurisdiction over this appeal. Section 3(B)(2), Article IV, Ohio Constitution; State v. Tripodo (1977), 50 Ohio St.2d 124, 127."Miller at ¶ 3. *Page 4 
 {¶ 7} Crim. R. 32(C) states, in pertinent part, that,
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 8} This Court observed in Miller that Crim. R. 32(C) sets forth five elements that must be present in any judgment of conviction in order for that judgment entry to be final and appealable:
 1. the plea;
 2. the verdict or findings;
 3. the sentence;
 4. the signature of the judge; and
 5. the time stamp of the clerk to indicate journalization. See Miller at ¶ 5.
 {¶ 9} The first element required under Crim. R. 32(C) is the plea.Miller held as follows:
 "For judgment entries entered after this decision is journalized, this Court will not search the record to determine what plea the defendant entered. The trial court's judgment entry must comply fully with Crim. R. 32(C) by setting forth the defendant's plea of not guilty, guilty, no contest, or not guilty by reason of insanity." Miller at ¶ 3-10.
After the journalization of Miller, any sentencing orders journalized in the trial court must include the defendant's plea, regardless of how he pled and regardless of the circumstances of the case. The judgment entry in the instant case gives no indication of Defendant's guilty plea, and therefore does not comply with *Page 5 
Crim. R. 32(C) in that respect. However, because the judgment entry was entered prior to this Court's decision in Miller, we do not dispose of this case on that basis. Instead, we proceed to the verdict or findings as required by Crim. R. 32(C), and as discussed in Miller. See, also,State v. Williams, 9th Dist. No. 06CA008927, 2007-Ohio-1897 (clarifying the Miller decision as it relates to the Crim. R. 32(C) requirement that a plea be included in the trial court judgment entry).
 {¶ 10} The second element of a judgment entry under Crim. R. 32(C) is the verdict or findings.
 "Following either a jury trial or a bench trial, the trial court must set forth the verdict in the judgment entry. The verdict is the `jury's finding or decision on the factual issues of a case.' State v. Lomax, 96 Ohio St.3d 318, 2002-Ohio-4453, ¶ 23. In the case of a plea of guilty or no contest, the trial court must enter its finding on the plea." Miller at ¶ 11.
 {¶ 11} This Court held in Miller that "in the context of a guilty or no contest plea, it is also not sufficient for the trial court to note only that it accepted the defendant's plea. The trial court must enter a finding of guilt to comply with Crim. R. 32(C)." Miller at ¶ 14. See, also, State v. Sandlin, 4th Dist. No. 05CA23, 2006-Ohio-5021, at *3 (deciding that the imposition of a sentence does not satisfy this element of Crim. R. 32(C), which "requires that the verdict [or finding] itself be recorded in the court's journal," and that "[w]ithout the journalization of this information, there is no judgment of conviction pursuant to Crim. R. 32(C) and therefore, no final appealable order.");State v. Meese, 5th Dist. No. 2005AP11075, 2007-Ohio-742 (finding that the trial court's notation that a *Page 6 
defendant has "previously been found `GUILTY'" does not satisfy finding requirement of Crim. R. 32(C).)
 {¶ 12} The judgment entry in this case does not contain any finding by the court after Defendant's guilty plea. It merely states that Defendant "has been convicted" of the charges for which he was sentenced. This does not comply with Crim. R. 32(C). The trial court must instead make a finding of Defendant's guilt in order to satisfy Crim. R. 32(C).
 {¶ 13} In addition to the plea and the verdict or findings, Crim. R. 32(C) also requires that the sentence be included. The trial court did include the sentence in this case, and therefore the judgment entry complies with Crim. R. 32(C) in that respect. Miller at ¶ 17.
 {¶ 14} The final element to be contained in a judgment entry according to Crim. R. 32(C) is the signature of the trial court judge. This entry contains the judge's signature, and therefore complies with Crim. R. 32(C) in that respect. Miller at ¶ 18.
 {¶ 15} Crim. R. 32(C) requires that the judgment entry containing each of the elements enumerated above be time stamped by the clerk to indicate journalization. This order does bear the clerk's time stamp, and has therefore been properly journalized in accordance with Crim. R. 32(C). Miller at ¶ 19.
 {¶ 16} Because the trial court's judgment entry fails to comply with Crim. R. 32(C) in that it lacks the trial court's finding of Defendant's guilt, we *Page 7 
dismiss this appeal for lack of subject matter jurisdiction on the grounds that the trial court has not rendered a final appealable order. As we held in Miller,
 "We encourage the trial court to enter a judgment entry as soon as possible that complies with Crim. R. 32(C). After the trial court files that entry, if Defendant desires to appeal, [she] must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case and we will consider the appeal in an expedited fashion. See, e.g., Sandlin, n. 4." Miller at ¶ 20.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 MOORE, J. CONCURS *Page 8