DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Defendant, Angel Vargas, appeals the decision of the Lorain County Court of Common Pleas finding him guilty of aggravated robbery and theft.
 {¶ 2} On May 31, 2006, Defendant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(2), a first-degree felony; one count of theft, in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor; and one count of robbery, in violation of R.C. 2911.02(A)(2), a second-degree felony. He pled not guilty to each of the charges.
 {¶ 3} Prior to trial, the State dismissed the robbery charge. The matter proceeded to a jury trial on the remaining counts. The jury found Defendant guilty *Page 2 
of aggravated robbery and theft. The trial court merged the theft conviction into the aggravated robbery conviction and sentenced Defendant to a three year term of imprisonment.
 Assignment of Error No. 1 "The verdict of the jury finding [Defendant] guilty of aggravated robbery is against the manifest weight of the evidence, in violation of [Defendant's] right to due process of law as guaranteed by the Fourteenth Amendment of the U.S. Constitution and Article I, Section 16 of the Ohio Constitution."
 Assignment of Error No. 2 "The trial court erred as a matter of law and to the prejudice of [Defendant] by denying his motions for judgment of acquittal pursuant to Ohio Crim. R. 29 in violation of [Defendant's] right to due process of law as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution, as the evidence for the charge of armed robbery was insufficient to present to the trier of fact."
 {¶ 4} Before an appellate court may reach the merits of an appellant's assignments of error, it must determine whether or not the order appealed from is final and appealable. Gen. Acc. Ins. Co. v. Ins. Co. ofN. Am. (1989), 44 Ohio St.3d 17, 20. See Section 3(B)(2), Article IV, Ohio Constitution. Courts of appeal are required to sua sponte raise jurisdictional issues involving final, appealable orders and to dismiss all appeals that do not comport with the requirements of a final, appealable order. In re Murray (1990), 52 Ohio St.3d 155, 159, n. 2;Whitaker-Merrell Co. v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184,186. *Page 3 
 {¶ 5} In order for a trial court's sentencing journal entry to be a final, appealable order conferring jurisdiction to the court of appeals, it must comply with Crim. R. 32(C). Recently, this Court in State v.Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353 outlined and discussed the requirements of Crim. R. 32(C). Pursuant to our decision inMiller, a sentencing judgment entry must contain the following in order to comply with Crim. R. 32(C):
 "1. the plea;
 "2. the verdict or findings;
 "3. the sentence;
 "4. the signature of the judge; and
 "5. the time stamp of the clerk to indicate journalization." Id. at ¶ 5, quoting State v. Morrison (Apr. 1, 1992), 9th Dist. No. 2047, at *1, overruled on other grounds by Miller
at ¶ 10.
In reviewing the record before us, we find that the August 1, 2006 judgment entry of conviction and sentence and the August 2, 2006 nunc pro tunc entry are not final, appealable orders.
 {¶ 6} The August 1, 2006 judgment entry contained a plea, a sentence, the judge's signature and a timestamp, but did not contain a finding of guilt. Further, the August 1, 2006 judgment entry stated that Defendant "[pled] guilty" to the aggravated robbery and theft charges, when in actuality Defendant pled not guilty and was subsequently found guilty by a jury. The trial court, however, realizing its errors in the August 1, 2006 judgment entry entered a nunc pro tunc order on August 2, 2006, which read in its entirety as follows: *Page 4 
 "The Judgment Entry of Conviction and Sentence from August 1, 2006 is hereby modified `nunc pro tunc' to read `Defendant appeared in Court for sentencing after having been found guilty by a jury of the following charges' instead of `Defendant appeared in Court for sentencing after having plead guilty to the following charge(s)'".
 {¶ 7} While the nunc pro tunc journal entry was the appropriate method to correct the trial court's misstatement in the August 1, 2006 judgment entry regarding what occurred, the nunc pro tunc journal entry failed to remedy the jurisdictional defect as the requirements of Crim. R. 32(C) still were not satisfied. Specifically, the nunc pro tunc journal entry was deficient under Crim. R. 32(C) as it lacked the Defendant's not guilty plea and sentence.[1] In order for the nunc pro tunc order to have satisfied Crim. R. 32(C), the trial court needed to 1) reiterate everything that was correctly stated in the August 1, 2006 judgment entry; 2) state its correction that the jury found Defendant guilty of the charges; 3) state that Defendant pled not guilty[2]; 4) have the trial judge sign the nunc pro tunc order; and 5) journalize the order. See, e.g., State v. Thomas, 9th Dist. No. 21472, 2004-Ohio-964, at ¶ 10-12.
 {¶ 8} It is incumbent upon the trial court to include all of the five requirements of Crim. R. 32(C) in one document. The August 1, 2006 judgment *Page 5 
entry does not conform to the requirements of Crim. R. 32(C) as it does not identify the jury's guilty verdict. Similarly, the August 2, 2006 nunc pro tunc entry does not conform as it lacks Defendant's not guilty plea[3] and sentence. Accordingly, neither the August 1, 2006 nor the August 2, 2006 entries are final, appealable orders. See State v.Frazier, 9th Dist. No. 05CA0064-M, 2006-Ohio-3334, at ¶ 12. In the absence of a valid judgment of conviction from which an appeal may be taken, we are without jurisdiction to entertain Defendant's appeal.
 {¶ 9} Because the trial court's judgment entry fails to comply with Crim. R. 32(C), we dismiss this appeal for lack of subject matter jurisdiction on the grounds that the trial court has not rendered a final, appealable order. As we held in Miller,
 "[w]e encourage the trial court to enter a judgment entry as soon as possible that complies with Crim. R. 32(C). After the trial court files that entry, if Defendant desires to appeal, he must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case, and, if they do so, this Court will consider that appeal in an expedited manner. See, e.g., State v. Sandlin, 4th Dist. No. 05CA23, 2006-Ohio-5021, n. 4." Miller at ¶ 20.
Appeal dismissed. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, J. CONCURS
[1] As the nunc pro tunc order was journalized before this Court's decision in Miller, we do not dispose of this appeal due to the lack of not guilty plea. We do, however, determine the nunc pro tunc order was deficient for failing to contain the sentence.
[2] See footnote 1 regarding the guilty plea requirement.
[3] See footnote 1 regarding the guilty plea requirement.