DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Salvatore Salupo, appeals from his convictions in the Lorain Court of Common Pleas. This Court dismisses the appeal for lack of jurisdiction.
 I. {¶ 2} In March of 2004, Appellant was indicted on one count of extortion, one count of menacing by stalking and one count of telecommunications fraud. The telecommunications fraud count was later amended to one count of telecommunications harassment. Appellant waived his right to a jury trial and the case proceeded to a bench trial on June 15, 2005. Appellant was convicted of the *Page 2 
extortion and telephone harassment charges. He was acquitted of the menacing by stalking charge.
 {¶ 3} Appellant was initially sentenced on October 31, 2005 to three years community control sanctions and further ordered to have no contact with the victim or her family. Appellant appealed his convictions to this Court. On February 24, 2006, this Court dismissed Appellant's case for failing to timely file his merit brief. His sentence was later vacated after he filed a petition for post-conviction relief with the trial court. The trial court granted his petition and re-sentenced Appellant on November 20, 2006. The trial court entered final judgment on December 4, 2006, sentencing Appellant to an identical three-year term of community control sanctions with conditions. Appellant timely appealed his convictions, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A CONVICTION OF EXTORTION, R.C. 2905.11(A)."
 {¶ 4} In his first assignment of error, Appellant contends that the State set forth insufficient evidence to sustain his conviction for extortion. For the reasons set forth below, this Court finds that we do not have jurisdiction over this appeal.
 {¶ 5} We are required to raise sua sponte issues regarding our jurisdiction. Whitaker-Merrell Co. v. Geupal Constr. Co. (1972),29 Ohio St.2d 184, 186. We find that the trial court's December 4, 2006 judgment entry fails to satisfy the *Page 3 
mandates of Crim.R. 32(C) and as such, is not a final appealable order.State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, at ¶ 3. Accordingly, we do not have jurisdiction to hear this appeal. Id., citing Section 3(B)(2), Article IV, Ohio Constitution; State v.Tripodo (1977), 50 Ohio St.2d 124, 127.
 {¶ 6} Crim.R. 32(C) states, in pertinent part, that,
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 7} To meet the requirements of Crim.R. 32(C), the trial court must set forth the plea, the verdict or findings, and the sentence "in a single judgment entry[.]" State v. Klein (Dec. 4, 1998), 1st Dist. No. C-970788, at *2, citing State v. Breedlove (1988), 46 Ohio App.3d 78,79; See State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, at ¶ 10.
 {¶ 8} In the instant case, the trial court's December 4, 2006 judgment entry does not satisfy Crim.R. 32(C)'s requirement that the judgment of conviction set forth the plea, the verdict or findings, and the sentence. Of concern here is that the order states only:
 "Defendant appeared in Court for sentencing after having been found guilty of the following charge(s):" *Page 4 
We do not consider that language to be a "finding of guilt," however, as the order does not specify whether Appellant was found guilty by a jury or by the court. See Miller, supra.
 {¶ 9} As we stated in Miller, we will no longer "review the entire record or multiple journal entries" to ascertain whether the trial court has complied with Crim.R. 32(C). Miller, supra, at ¶ 10. Without the sentence and the requisite findings in a single judgment entry, the judgment entry does not constitute a final, appealable order. Therefore, we are without jurisdiction to consider the merits of Appellant's appeal.
 ASSIGNMENT OF ERROR II "WHERE A PRIOR CONVICTION RAISED THE DEGREE OF THE PENALTY AND THEREFORE THE POSSIBLE MAXIMUM SENTENCE OF THE OFFENSE, THE PRIOR CONVICTION IS AN ELEMENT OF THE OFFENSE ITSELF. HERE, THE TRIAL COURT ERRED IN FINDING TELEPHONE HARRASSMENT, R.C. 2917.21, TO BE A FELONY AS THE INDICTMENT FAILED TO INCLUDE THE ELEMENT OF A PRIOR CONVICTION."
 {¶ 10} In light of our finding that we lack jurisdiction to hear this appeal, the appeal is dismissed. Accordingly, we cannot address Appellant's assignments of error.
 Appeal dismissed. *Page 5 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, P. J. CONCURS