DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the State of Ohio, appeals an order of the Summit County Court of Common Pleas that purports to sentence Defendant-Appellee, Sammy Carey Ford, for his conviction on the charge of felonious assault, a felony of the second degree. Because this court lacks jurisdiction, we dismiss.
 I. {¶ 2} On September 5, 2005, Defendant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, and one count of felony domestic violence in violation of R.C. 2919.25(A). On February 14, 2006, a supplemental indictment issued, charging *Page 2 
Defendant with a second count of domestic violence and with ten counts of violating a protection order, a violation of R.C. 2919.27. After entering initial pleas of not guilty, Defendant pled guilty on May 9, 2006, to counts one (felonious assault), three (domestic violence), and four (violation of a protection order) alleged in the indictment and supplemental indictment. The trial court dismissed count two and counts five through thirteen. On May 10, 2006, the trial court sentenced Defendant to prison terms of one year and six months on the charges of domestic violence and violation of a protection order, respectively. The trial court also noted that Defendant was not amenable to community control. With regard to the felonious assault charge, however, the trial court held sentencing "in abeyance."
 {¶ 3} On May 18, 2006, the State moved the trial court to reconsider Defendant's plea or, in the alternative, to sentence Defendant on the felonious assault conviction. The trial court denied the motion, and the State moved for leave to appeal the trial court's decision to this court. We granted leave and reversed the decision of the trial court, holding that the trial court did not have the authority to refuse to sentence Defendant. State v. Ford, 9th Dist. No. 23269, 2006-Ohio-6961, at ¶ 6 ("Ford I").
 {¶ 4} Defendant appeared in court for sentencing once again on March 26, 2007. Two days later, the trial court ordered the following:
 "IT IS HEREBY ORDERED that the Defendant be sentenced to 2 years of incarceration, however, the presumption for incarceration is *Page 3 
rebutted. A prior sentence was imposed on the companion offenses of DOMESTIC VIOLENCE, as contained in Count 3, and VIOLATING A PROTECTION ORDER, as contained in Cout 4. The Defendant is given credit for all time served as of the date of sentencing, March 26, 2007, and the balance of his sentence is suspended for good behavior demonstrated."
The State appealed the sentence pursuant to R.C. 2953.08(B) and R.C.2945.67(A).
 II. {¶ 5} We are required to raise sua sponte issues regarding our jurisdiction. Whitaker-Merrell Co. v. Geupal Constr. Co. (1972),29 Ohio St.2d 184, 186. In State v. Goodwin, 9th Dist. No. 23337,2007-Ohio-2343, this court concluded that all charges pending against a criminal defendant in a single case must be disposed of before the trial court's judgment with respect to any charge is final. Id. at ¶ 13. In so holding, we cited with approval this court's decision in State v.Deshich (Feb. 2, 2000), 9th Dist. No. 2952-M, in which we concluded that the failure of a trial court to dispose of each charge alleged against the defendant in the order from which an appeal is taken renders the order substantively deficient and interlocutory:
 "This Court has previously explained that Crim.R. 32(C) requires that a trial court's judgment of conviction contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the signature of the trial judge, and (5) the time stamp of the clerk to indicate journalization. Courts have interpreted these requirements as imposing `a mandatory duty [on the trial court] to deal with each and every charge prosecuted against a defendant,' and `[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under Crim.R. 32[ (C) ].' Therefore, the failure of an entry *Page 4 
to dispose of the court's ruling as to each prosecuted charge renders the order of the trial court merely interlocutory." (Internal citations omitted.) Deshich, at *2, quoting State v. Brooks (May 16, 1991), 8th Dist. No. 58548.
 {¶ 6} In State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, we considered the broader implications of Crim.R. 32(C). InMiller, we concluded that each element required by Crim.R. 32(C) must be present in a single judgment entry in order for this court to have jurisdiction over an appeal. See id. at ¶ 10. With respect to the trial court's sentence on the single charge at issue in that case, we noted, "[o]ur review of the sentence establishes that the trial court's judgment entry sets forth a sentence for the sole count at issue. Therefore, the judgment entry complies with Crim.R. 32(C) in this respect." Id. at ¶ 17. Although we were not confronted with multiple charges in that case, an examination of Miller and Goodwin in pari materia leads us to the conclusion that each requirement of Crim.R. 32(C) must be set forth by the trial court in a single judgment entry. As we noted in Miller, "[t]his result will accomplish the Supreme Court's goal of insuring that `the parties, particularly the defendant in a criminal case, be fully aware of the time from which appeal time commences running.'" Id. at ¶ 8, quoting State v. Tripodo (1977),50 Ohio St.2d 124, 127.
 {¶ 7} This case illustrates well the need for this rule. As we noted in Ford I, the trial court refused to sentence Defendant on the charge of felonious assault. As a result, the order sentencing Defendant on the charge of domestic violence remained interlocutory in nature, leaving Defendant without recourse to appeal *Page 5 
and the State in a procedural quagmire. Over one and one-half years after the date of that journal entry, Defendant's right to appeal that sentence remains unclear because, while the trial court's journal entry at issue in this appeal fully complies with the requirements reiterated by this court in Miller, it does so only with respect to a single charge alleged against Defendant.
 III. {¶ 8} For these reasons, we conclude that the journal entry from which the State has attempted to appeal in this case is not a final appealable order. The State's appeal is, therefore, dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 6 
WHITMORE, J.CONCURS.