DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mindy McCauley, appeals from the decision of the Oberlin Municipal Court. This Court dismisses the appeal.
 I. {¶ 2} In early November of 2007, Appellant, Mindy McCauley ("McCauley"), was issued a traffic citation for operating a vehicle while under the influence of alcohol and/or drugs ("OVI"), in violation of R.C. 4511.19(A)(1)(a), operating a motor vehicle with a blood alcohol content of over .08 grams, in violation of R.C. 4511.19(A)(1)(d), driving a weaving course, in violation of Amherst Codified Ordinance section 331.34, display of plates, in violation of Amherst Codified Ordinance section 335.09, possession of drug paraphernalia, in violation of Amherst Codified Ordinance section 513.12, and drug abuse, in violation of Amherst Codified Ordinance section 513.02. McCauley pled not guilty to the charges. *Page 2 
 {¶ 3} McCauley filed a motion to suppress the evidence. On April 17, 2008, the trial court held a hearing on her motion and on May 5, 2008, denied the motion to suppress. On July 31, 2008, McCauley waived her right to a jury trial and pled no contest to the OVI charge, the breath alcohol above .08 charge, the possession of drug paraphernalia charge and the possession of drugs charge. The trial court found her guilty of these charges and sentenced her to 30 days of incarceration, and suspended her license for three years. McCauley timely appealed her conviction, and has raised one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF [McCAULEY], IN VIOLATION OF THE FOURTH AMENDMENT, AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION, WHEN THE COURT DENIED [McCAULY'S] MOTION TO SUPPRESS AND ENTERED A JUDGMENT OF CONVICTION."
 {¶ 4} In her first assignment of error, McCauley contends that the trial court erred when it denied her motion to suppress and entered a judgment of conviction. We do not agree.
 {¶ 5} We are required to sua sponte dismiss appeals which are not from final appealable orders. Whitaker-Merrell Co. v. Geupel Constr. Co.,Inc. (1972), 29 Ohio St.2d 184, 186. We find that the trial court's judgment entry fails to satisfy the mandates of Crim. R. 32(C) and as such, is not a final appealable order. State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, at ¶ 3. Accordingly, we do not have jurisdiction to hear this appeal. Id., citing Section 3(B)(2), Article IV, Ohio Constitution; State v. Tripodo (1977), 50 Ohio St.2d 124, 127.
 {¶ 6} Crim. R. 32(C) states, in pertinent part, that,
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. *** The judge shall sign the judgment entry and the clerk shall enter it *Page 3 
on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 7} In the instant case, the trial court has failed to set forth the findings on the driving a weaving course charge and the display of plates charge. Instead, the sentencing entry indicates that McCauley pled no contest to, and the trial court found her guilty of, the OVI charge, the blood alcohol charge, the possession of drug paraphernalia charge and the possession of marijuana charge. Without the requisite finding of guilt as to all the counts in the citation the judgment entry does not constitute a final appealable order. Therefore, we are without jurisdiction to consider the merits of McCauley's appeal.
 {¶ 8} Because the trial court's judgment entry fails to comply with Crim. R. 32(C), we dismiss this appeal for lack of subject matter jurisdiction on the grounds that the trial court has not rendered a final appealable order.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant. *Page 4 
WHITMORE, J. CONCURS