OPINION
{¶ 1} Defendant-appellant Reubin J. Beavers appeals from an order of the trial court overruling his second petition for post-conviction relief filed on April 6, 2004. For the following reasons, the judgment of the trial court will be affirmed.
 I {¶ 2} On November 28, 1994, Beavers was indicted for one count of felonious assault, having a prior offense specification and a firearm specification. Beavers was also indicted for two counts of improperly discharging a firearm at or into a habitation, the first count having two prior offense of violence specifications and a firearm specification. The second count contained a prior offense of violence specification and a firearm specification.
 {¶ 3} Beavers was subsequently tried and convicted on all counts and specifications contained in the indictment. On April 25, 1995, he was sentenced to a term of eighteen to twenty-eight years of imprisonment.
 {¶ 4} On September 23, 1996, Beavers filed his first Petition for Post-Conviction Relief. As a basis for the petition, he argued ineffective assistance of counsel. On December 17, 1996, the trial court overruled the petition. In State v. Beavers (Dec. 31, 1997) Montgomery App. No. 16362, we reversed and remanded the matter to the trial court for an evidentiary hearing on Beavers' petition. We concluded that a genuine issue of material fact existed as to whether Beavers' trial attorney was ineffective for having failed to attempt to call a potential alibi witness, Raney A. Mease, whose testimony may have exculpated Beavers.Id.
 {¶ 5} On October 29, 1998 the trial court held an evidentiary hearing in which Mease testified that another individual, not Beavers, had committed the above offenses. On August 19, 1999, the trial court overruled Beavers' petition stating that it would have not been reasonable for trial counsel to have determined the identity of Mease at the time of trial from the description "a black man in a van" and called Mease as a witness at Beavers' trial. We affirmed the decision of the trial court overruling Beavers' motion on April 21, 2000. State v.Beavers, Montgomery App. No. 17949.
 {¶ 6} In light of Mease's exculpatory testimony and on the advice of this Court, Beavers filed a Motion for a New Trial on July 13, 2000. A hearing on the matter was scheduled for August 30, 2001, but it was later stipulated that a hearing was unnecessary. Although the motion has been thoroughly briefed by both parties, Beavers' Motion for New Trial is still pending in the trial court and is the subject of a Writ of Procedendo in this Court.
 {¶ 7} The subject of the instant appeal is Beavers' petition to vacate or set aside his sentence which was filed on April 6, 2004. The trial court considered the motion as a Petition for Post-Conviction Relief, Beavers' second. The trial court found that under Ohio Revised Code §2953.23(A), Beavers' petition "neither raises facts which were unavoidably prevented from discovery by Defendant, nor a new Federal or State right that applied retroactively to the petitioner's situation." Based on that finding, the trial court held that it was without jurisdiction to entertain the petition and overruled it on those grounds.
 II {¶ 8} Beavers' First and Second Assignments of Error are as follows:
 {¶ 9} "The trial court erred when it found and/or determined that a review of the record in this matter clearly indicates that the defendant's latest petition for post-conviction relief neither raises facts which were unavoidably prevented from discovery by the defendant, nor a new Federal or State right that applied retroactively to the petitioner's situation.
 {¶ 10} "The trial court erred when it found and/or concluded that following the mandates of the second district court of appeals in Statev. Ayers (December 4, 1998), Montgomery App. No. 16851, the court is without jurisdiction to entertain the untimely petition for post-conviction relief."
 {¶ 11} As a threshold matter, a defendant may not file a second or successive petitions for post-conviction relief unless he meets certain criteria set forth in the statute. O.R.C. § 2953.23(A) states in pertinent part:
 {¶ 12} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 13} "(1) Either of the following applies:
 {¶ 14} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 15} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 16} "(2) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 17} In support of his second petition, Beavers contends that Dayton Police Officer Jonathan B. Ross misrepresented testimony with respect to the identification of Beavers as the perpetrator of the shooting for which he was convicted. Beavers argues that Ross lied when he testified that Arthur Brown/Farmer identified the shooter as Beavers.
 {¶ 18} Beavers asserts that he did not become aware of the misrepresentation until the evidentiary hearing held on October 29, 1998, in which Ross contradicted his earlier testimony and allegedly admitted that Brown/Farmer did not witness the shooting. Beavers asserts that Brown/Farmer was informed that Beavers was the shooter by Agnes or Robert Maston, and that it was on that basis that Brown/Farmer identified him to Officer Ross.
 {¶ 19} In State v. Ayers (December 4, 1998), Montgomery App. No. 16851, this Court held that the provisions of O.R.C. § 2953.23(A) are jurisdictional in nature, and that absent a petitioner's showing that the requisites contained therein have been met, a trial court is without jurisdiction to entertain an untimely petition for post-conviction relief. Unless it appears from the record that Beavers was unavoidably prevented from discovering the facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to Beavers, and that but for constitutional error at trial no reasonable factfinder would have found Beavers guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for post-conviction relief. Id. at 2.
 {¶ 20} Ross' testimony that he received a positive identification of Beavers on the scene from Brown/Farmer but did not record the exact statement in the police report is not inconsistent with his later testimony at the evidentiary hearing that Brown/Farmer did not witness the shooting. After a review of the transcripts from the trial and the evidentiary hearing, it appears that there is no inconsistency in the testimony of Ross that could not have been addressed at trial.
 {¶ 21} Thus, we find that Beavers is unable to overcome the threshold requirement set out in 2953.23(A)(1)(a) that he was "unavoidably prevented" from the discovery of the alleged misrepresentation made by Ross during the original trial in this matter. He made no mention of any obstacles to his discovery relevant to this matter. Moreover, Beavers makes no attempt to argue that a new federal or state law has been enacted that applies retroactively to his situation.
 {¶ 22} Because Beavers failed to establish any of the criteria set forth in O.R.C. § 2953.23(A), we find the trial court was correct in its determination that it did not have jurisdiction to entertain his petition for post-conviction relief.
 {¶ 23} Beavers' First and Second Assignments of Error are overruled.
 III {¶ 24} In light of Beavers' failure to meet the threshold requirement imposed by O.R.C. § 2953.23(A), the Court finds it unnecessary to address his third and fourth assignments of error which are rendered moot.
 {¶ 25} The judgment of the trial court is affirmed.
Fain, J. and Grady, J., concur.