OPINION
{¶ 1} Curtis Barber appeals from the trial court's denial of his second post-conviction petition. Barber was originally convicted of aggravated robbery, felonious assault, disrupting public services, aggravated burglary, kidnaping, and attempted *Page 2 
murder in February 2001, and was sentenced to a term of forty-one and one-half years.
 {¶ 2} On October 15, 2002, Barber filed a petition for post-conviction relief. The trial court overruled Barber's motion and granted the State's motion to dismiss on September 9, 2003. On May 16, 2006, Barber filed a second petition for post-conviction relief. Again, the trial court denied Barber's petition. This appeal followed.
 {¶ 3} Barber contends in his assignments that the trial court should have granted his petition because the trial court violated his Sixth Amendment rights by imposing maximum, consecutive, and non-minimum sentences after judicial fact finding in violation of Apprendi v. NewJersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and State v. Foster, 109 Ohio St.3d 1 (2006), 2006-Ohio-856. Barber argues that the trial court had jurisdiction to entertain his second-amended petition despite the provisions of R.C. 2953.23(A) because all courts in Ohio have inherent power to vacate a judgment which is void. Barber contends the State failed to prove to a jury the sentencing "enhancers" and, thus, he was implicitly acquitted of them. Lastly, he contends the Ohio Supreme Court's remedy in State v.Foster, which would permit resentencing, violates the ex-post facto provisions of the United States and Ohio Constitutions and, thus, he must be resentenced to a minimum term since the sentence enhancers were improperly found by the trial court.
 {¶ 4} The State argues the trial court properly denied Barber's second petition because Barber failed to meet the statutory requirements for filing a second petition, and also because his second petition claims are barred by the doctrine of res judicata.
 {¶ 5} R.C. § 2953.23(A) provides in pertinent part:
 {¶ 6} * * * a court may not entertain * * * a second petition or successive *Page 3 
petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:(1) Both of the following apply:(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * ."
 {¶ 7} In denying Barber's second petition, the trial court noted that Barber's petition did not meet the jurisdictional requirements of R.C.2953.23(A). The trial court also found that Barber had failed to demonstrate that subsequent to his first petition that the United States Supreme Court had recognized a "new" right that applied retroactively to him. Also, the court noted that State v. Foster, supra, applied only to defendants who had cases on direct review at the time of the decision.
 {¶ 8} Barber did not demonstrate that he was unavoidably prevented from discovering the facts upon which the petitioner must rely to present his claim for relief. Also, Barber failed to demonstrate that subsequent to the period described in division (A)(2) of R.C. 2953.21 on the filing of the earlier petition, the United States Supreme Court recognized a new federal right that applies retroactively to him. Barber was convicted in February 2001. We held that the Blakely decision did not create "new" law, but merely applied the existing law established inApprendi v. New Jersey, supra, *Page 4 
decided before Barber was convicted. See State v. Cressel (April 29, 2005), Montg. App. Nos. 20337 and 20348. Even if Blakely was a new rule, this Court would not be required to apply it to those cases which came to us upon collateral review such as a post-conviction relief petition because Apprendi did not announce a "watershed rule of criminal procedure," implicating the fundamental fairness and accuracy of the criminal proceeding. See Schriro v. Summerlin, 542 U.S. 348, 355-56, (2004).
 {¶ 9} We also agree with the trial court that Foster has no application to Barber as his conviction was not pending direct review at the time of that decision. The Appellant's assignments of error are Overruled. The judgment of the trial court is Affirmed.
 WOLFF, P.J., and FAIN, J., concur. *Page 1