[Cite as *State v. Barber*, 2012-Ohio-2332.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :            C.A. CASE NO.    24770

v.                                               :            T.C. NO.    00CR1272

CURTIS L. BARBER                           :            (Criminal appeal from
                                              Common Pleas Court)

    Defendant-Appellant                    :

                                                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____25th_____ day of _____May_____, 2012.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CURTIS L. BARBER, #410-414, Marion Correctional Institute, P. O. Box 57, Marion, Ohio 43302
        Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Curtis L. Barber appeals from a decision of the Montgomery County Court of Common Pleas dismissing his *pro se* "Motion for

Re-Sentencing Pursuant to [R.C.] 2941.25 State V [sic] Johnson 12-23-2010." The trial court filed its decision overruling Barber's motion on July 25, 2011. Barber filed a timely notice of appeal with this Court on August 15, 2011.

{¶ 2} In March of 2001, Barber was convicted in Case No. 2000 CR 497 of one count of robbery and was sentenced to five years in prison, to be served concurrently with the sentence in Case No. 2000 CR 1272. In Case No. 2000 CR 1272, Barber was convicted of aggravated robbery, felonious assault, aggravated burglary, kidnaping, disrupting public services, and three counts of attempted aggravated murder. Barber was sentenced to a total of forty-one and one-half years in prison on those charges. No direct appeal was taken from the conviction in Case No. 2000 CR 497. On direct appeal in Case No. 2000 CR 1272, we affirmed Barber's conviction and sentence. *State v. Barber*, 2d Dist. Montgomery No. 18784, 2002-Ohio-7100.

{¶ 3} On August 7, 2008, the trial court re-sentenced Barber pursuant to R.C. 2929.191 in both Case Nos. 2000 CR 497 and 2000 CR 1272, because the court had neglected to notify Defendant that he would be subject to a mandatory period of post-release control following his release from prison. On August 8, 2008, the trial court filed a judgment of conviction in both cases, nunc pro tunc to March 5, 2001, imposing the same sentence that had originally been imposed in both cases, but correcting the sentence to include a mandatory period of post-release control.

{¶ 4} Barber appealed, and on March 5, 2010, we affirmed the trial court's decision. *State v. Barber*, 2d Dist. Montgomery No. 22929, 2010-Ohio-831. We note that on appeal from the August 8, 2008, decision, Barber argued in a supplemental assignment of

error that the trial court erred by imposing multiple punishments for allied offenses of similar import at his original sentencing in 2001 in Case No 2000 CR 1272.

**{¶ 5}** In overruling Barber's supplemental assignment, we stated as follows:

> With respect to the allied offenses issue, we note that the trial court did merge some of the offenses for purposes of sentencing, including the felonious assault and all of the attempted aggravated murder counts. We further note that the record before us does not include either a transcript of the August 7, 2008 re-sentencing hearing or the trial transcript in Case No. 2000CR1272. Absent those materials, this record is inadequate to permit a review of the claimed error because we are unable to review Defendant's conduct to determine whether Defendant's offenses of kidnaping and aggravated robbery were committed separately or with a separate animus as to each. R.C. 2941.25(B). Under those circumstances, we must presume the regularity and validity of the trial court's proceedings and affirm its judgment. (Citations omitted).

> *Barber*, 2010-Ohio-831.

**{¶ 6}** On June 14, 2011, Barber filed a *pro se* motion for re-sentencing pursuant to R.C. 2941.25 and the Ohio Supreme Court's recent holding in *State v. Johnson* which set out a new analysis regarding the determination of allied offenses of similar import. 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The State filed a memorandum in

opposition on July 5, 2011, in which it argued that Barber's motion was merely an untimely petition for post-conviction relief (his third) which the trial court lacked jurisdiction to entertain. The State also argued that the Ohio Supreme Court's 2010 holding in *Johnson* does not apply retroactively to Barber who was originally convicted and sentenced in 2001. The trial court adopted the State's reasoning and dismissed Barber's petition in an entry issued on July 25, 2011.

**{¶ 7}** It is from this judgment that Barber now appeals *pro se*.

**{¶ 8}** Barber's first assignment of error is as follows:

**{¶ 9}** "TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED DEFENDANT TO MULTIPLE OFFENSES STEMMING FROM THE SAME CONDUCT WITHOUT HOLDING A MERGER HEARING TO MAKE A DETERMINATION IF DEFENDANT'S CONDUCT CONSTITUTED MULTIPLE OFFENSES."

**{¶ 10}** In his first assignment, Barber contends that the trial court erred when it overruled his motion for re-sentencing. Specifically, he asserts that the Ohio Supreme Court's holding in *Johnson* requires that he be granted a hearing to determine whether some or all of the offenses for which he was convicted and sentenced in 2001 are allied offenses of similar import.

**{¶ 11}** R.C. 2953.21(A)(2) provides that a petition for post-conviction relief must be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.23(A) provides that a court may not entertain a petition filed after the expiration of the

period prescribed in division (A) of R.C. 2953.21 unless division (A)(1) or (2) applies:

(1) Both of the following apply:

(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claims for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted.

{¶ 12} Initially we note that Barber's *pro se* "motion for re-sentencing" is, as the State suggests, an untimely petition for post-conviction relief. In the context of a petition for post-conviction relief, the trial court lacks jurisdiction to consider an untimely petition. *State v. Beavers*, 2d Dist. Montgomery No. 20572, 2005-Ohio-1205, ¶ 19 (" * * * the provisions of O.R.C. § 2953.23(A) are jurisdictional in nature, and * * * absent a petitioner's showing that the requisites contained therein have been met, a trial court is without jurisdiction to entertain an untimely petition for post-conviction relief. Unless it appears

from the record that [Petitioner] was unavoidably prevented from discovering facts upon which he relied in his petition, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to [Petitioner], and that but for constitutional error at trial no reasonable factfinder would have found [Petitioner] guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for post-conviction relief.")

**{¶ 13}** In the instant case, Barber cannot rely on the *Johnson* decision because "[a] new judicial ruling may be applied only to cases that are pending on the announcement date. *** The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, citing *State v. Ali*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6. Barber's petition, filed more than ten years after his conviction and sentence, is dependent on the new rule of law stated in *Johnson*. Clearly, Barber's conviction and sentence had been final for some time at the time that *Johnson* was decided. Accordingly, *Johnson* does not retroactively apply to Barber's sentence.

**{¶ 14}** Lastly, we note that "unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. Moreover, "defendants with a voidable sentence are entitled to resentencing only upon a successful challenge on direct appeal." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

**{¶ 15}** The arguments raised in Barber's "motion for re-sentencing" establish, at

most, that his sentence is voidable. *Parson*, *supra*. As the defendant failed to do in *Parson*, Barber does not argue that his sentence is not in conformity with statutorily mandated terms, or is not provided for by law, nor even that his sentence fails to comply with the formal requirements of R.C. 2941.25. If we accept that the trial court erred at the time of sentencing when it failed to find that one or more of Barber's offenses were allied offenses of similar import, Barber's sentence is merely voidable and not void. *Id*.

{¶ 16} Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal. *Parson*, *supra*, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. Because Barber's sentence, assuming his allied offense argument had merit, would be voidable, he is barred by the doctrine of res judicata from challenging his sentence on those grounds collaterally through his "motion for re-sentencing." *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10-11 ("allied-offense claims are non-jurisdictional," and, thus, barred by the doctrine of res judicata where they were raised, or could have been raised, on direct appeal).

{¶ 17} Barber's first assignment of error is overruled.

{¶ 18} Barber's second and final assignment of error is as follows:

{¶ 19} "THIS HONORABLE COURT DOES NOT HAVE JURISDICTION TO ENTERTAIN THIS APPEAL, AS THE JUDGMENT ENTRY DOES NOT COMPLY WITH CRIM. R. 32(C) WHEREFORE, THERE IS NO FINAL APPEALABLE ORDER."

{¶ 20} In his final assignment, Barber argues that he is not barred from litigating his claim of error regarding re-sentencing because the trial court's judgment entries issued in

March of 2001, and on August 7, 2008, did not comply with Crim. R. 32(C) insofar as neither entry set forth the manner in which Barber was convicted. Therefore, Barber contends that neither entry was a final appealable order. Barber's argument is without merit.

{¶ 21} A nunc pro tunc entry is the proper method for correcting clerical errors such as the error in this case. "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Crim.R. 36. "A nunc pro tunc entry is often used to correct a sentencing entry that, because of a mere oversight or omission, does not comply with Crim.R. 32(C)." *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, at ¶17 (citations omitted). "Consistent with the treatment of Crim.R. 32(C) errors as clerical mistakes that can be remedied by a nunc pro tunc entry, [the Supreme Court of Ohio has] expressly held that 'the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing.'" Id. at ¶18, quoting *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, at ¶2. And "the technical failure to comply with Crim.R. 32(C) by not including the manner of conviction * * * is not a violation of a *statutorily* mandated term, so it does not render the judgment a nullity." *Burge* at ¶19 (emphasis sic) (citations omitted). Also see *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142.

{¶ 22} Barber's final assignment of error is overruled.

{¶ 23} Both of Barber's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine
Curtis L. Barber
Hon. Dennis J. Langer