[Cite as *State v. Barber*, 2015-Ohio-4607.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26612 |
| | : | |
| v. | : | Trial Court Case Nos. 2000-CR-1272 |
| | : | 2000-CR-0497 |
| CURTIS L. BARBER | : | |
| | : | (Criminal Appeal from |
| *Defendant-Appellant* | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of November, 2015.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by DYLAN SMEARCHECK, Atty. Reg. No. 0085249, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CURTIS L. BARBER, Inmate No. 410-414, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43302
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Curtis L. Barber, appeals pro se from the judgment of the Montgomery County Court of Common Pleas overruling his combined motion for sentencing and motion for an allied offense determination. Because the issues appealed from are barred by the doctrine of res judicata, the judgment of the trial court will be affirmed.

**{¶ 2}** In March 2001, Barber was convicted of one count of robbery in Case No. 2000 CR 497 and sentenced to five years in prison, to be served concurrently with a sentence he received in Case No. 2000 CR 1272. In Case No. 2000 CR 1272, Barber was convicted of aggravated robbery, felonious assault, aggravated burglary, kidnapping, disrupting public services, and three counts of attempted aggravated murder. As a result of his conviction, the trial court sentenced Barber to an aggregate term of 41.5 years in prison.

**{¶ 3}** Barber did not file a direct appeal from the robbery conviction in Case No. 2000 CR 497; however, he did file a direct appeal in Case No. 2000 CR 1272. In that appeal, Barber claimed the trial court improperly denied him the opportunity to present a certain statement at trial that was made by the victim. He also argued that the prosecutor unfairly commented on his failure to testify in his own defense. In conducting a review under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we found no claim with arguable merit and affirmed Barber's conviction and sentence in *State v. Barber*, 2d Dist. Montgomery No. 18784, 2002-Ohio-7100.

**{¶ 4}** On October 15, 2002, Barber filed a petition for post-conviction relief in Case No. 2000 CR 1272, requesting the trial court to vacate his sentence. The trial court

denied Barber's petition. Barber then filed a second petition to vacate his sentence on May 16, 2006, which the trial court also denied. Barber then appealed. However, in *State v. Barber*, 2d Dist. Montgomery No. 21837, 2007-Ohio-5649, we affirmed the trial court's denial of Barber's second petition, holding that it did not meet the jurisdictional requirements of R.C. 2953.23(A), which governs the circumstances when a trial court may review a successive petition for post-conviction relief.

{¶ 5} Thereafter, on August 7, 2008, the trial court resentenced Barber pursuant to R.C. 2929.191 in both Case Nos. 2000 CR 497 and 2000 CR 1272 upon discovering that it had neglected to notify Barber that he would be subject to a mandatory period of post-release control following his release from prison. On August 8, 2008, the trial court filed a judgment entry of conviction and sentence in both cases, nunc pro tunc to March 5, 2001, imposing the same sentence that had originally been imposed, but correcting the sentence to include a mandatory period of post-release control.

{¶ 6} Barber timely appealed from his resentencing in both cases. In that appeal, Barber raised various ineffective assistance of counsel claims with respect to his resentencing. Barber also challenged his original sentence in Case No. 2000 CR 1272, claiming the trial court erred in failing to merge allied offenses of similar import. On March 5, 2010, we affirmed Barber's resentencing and overruled his allied offense claim in *State v. Barber*, 2d Dist. Montgomery No. 22929, 2010-Ohio-831.

{¶ 7} Following that appeal, on June 14, 2011, Barber filed a pro se motion for resentencing in Case No. 2000 CR 1272. In support of this motion, Barber argued that he should have been resentenced pursuant to R.C. 2941.25 and the holding in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which had set forth a

new standard for determining whether offenses are allied offenses of similar import. The trial court dismissed Barber's motion holding that *Johnson* did not apply retroactively to Barber who was originally convicted and sentenced in 2001. Barber again appealed, and we affirmed the trial court's decision in *State v. Barber*, 2d Dist. Montgomery No. 24770, 2012-Ohio-2332.

{¶ 8} After his fourth appeal, on October 3, 2013, Barber filed a combined motion for sentencing and motion for an allied offense determination in both Case Nos. 2000 CR 1272 and 2000 CR 497. In the motions, Barber argued that the trial court's August 8, 2008 nunc pro tunc judgment entry of conviction and sentence did not properly notify him whether post-release control was mandatory or discretionary. He also claimed that the trial court failed to make findings required under Crim.R. 25 at the resentencing hearing. Barber further argued that, while the trial court did merge several of his offenses at his original sentencing, there remained allied offenses of similar import that the trial court should have merged during resentencing. Following a memorandum in opposition from the State, the trial court overruled Barber's motions on grounds that his claims were barred by the doctrine of res judicata.

{¶ 9} Barber now appeals from the trial court's decision overruling his combined motion for sentencing and motion for an allied offense determination. In his brief, Barber raises three assignments of error that mirror the same three arguments raised in his motions before the trial court.

{¶ 10} Upon review, we conclude that the trial court properly found that Barber's three claims are barred by res judicata. "Res judicata bars re-litigation of a matter that was raised or could have been raised on direct appeal. * * * Otherwise, appeals could be

filed indefinitely." *State v. Henley*, 2d Dist. Montgomery No. 26604, 2015-Ohio-4113, ¶ 11, citing *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989.

**{¶ 11}** In the present appeal, Barber's three assignments of error each challenge an aspect of his August 2008 resentencing. However, Barber previously filed a direct appeal from his resentencing in *Barber*, 2d Dist. Montgomery No. 22929, 2010-Ohio-831, wherein this court affirmed the judgment of the trial court. Barber is now trying to raise additional claims concerning his resentencing, claims which could have been raised in the prior appeal. Barber is also attempting to raise an allied offense claim, a claim which this court has previously addressed in his appeals from the August 2008 resentencing and the trial court's decision denying his June 2011 motion for resentencing. Accordingly, Barber's three claims are barred by res judicata, as they either could have been raised or were raised in his prior appeals.

**{¶ 12}** Barber's three assignments of error are overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Dylan Smearcheck
Curtis L. Barber
Hon. Dennis J. Langer