[Cite as *State v. Barber*, 2017-Ohio-7338.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27267 |
| | : | |
| v. | : | Trial Court Case Nos. 2000-CR-1272 |
| | : | and 2000-CR-0497 |
| CURTIS L. BARBER | : | |
| | : | (Criminal Appeal from |
| *Defendant-Appellant* | : | Common Pleas Court) |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 25th day of August, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CURTIS L. BARBER, Inmate No. 410-414, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43301
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Curtis L. Barber, appeals pro se from two decisions issued by the trial court on August 24, 2016, in which the court: (1) overruled his motion for sentencing in Case No. 2000 CR 00497 and Case No. 2000 CR 01272; and (2) in the latter case, overruled his motion to vacate. Barber argues that the trial court erred because the termination entries in both cases do not set forth legally sufficient adjudications of guilt; because the termination entries do not indicate the sequence in which he is to serve the consecutive terms of imprisonment to which the court sentenced him; because the termination entries do not comply with the requirements of R.C. 2943.032; and because one of the crimes for which he was convicted in Case No. 2000 CR 01272—attempted aggravated murder—is not a cognizable offense. For the following reasons, the decisions of the trial court are affirmed.

## I. Facts and Procedural History

{¶ 2} In Case No. 2000 CR 00497, a grand jury issued an indictment against Barber charging him with robbery by inflicting, attempting to inflict or threatening to inflict physical harm on another person while committing or attempting to commit a theft offense, a second degree felony in violation of R.C. 2911.02(A)(2). Barber eventually entered a plea of guilty to a lesser included offense of robbery under R.C. 2911.02(A)(3), using or threatening to use force against another person while committing or attempting to commit a theft offense—a third degree felony.

{¶ 3} In Case No. 2000 CR 01272, a grand jury issued an indictment against Barber charging him with one count of aggravated robbery under R.C. 2911.01(A)(3); one count of felonious assault with a deadly weapon under R.C. 2903.11(A)(2); one count of

aggravated burglary under R.C. 2911.11(A)(1); one count of kidnapping under R.C. 2905.01(A)(2); one count of disrupting public services under R.C. 2909.04(A)(1); and three counts of attempted aggravated murder under R.C. 2903.01(B) and 2923.02(A). This case proceeded to a trial by jury and resulted in a verdict of guilty on all counts.

{¶ 4} On March 5, 2001, Barber appeared before the trial court for sentencing. The court imposed a sentence of five years in Case No. 2000 CR 00497. In Case No. 2000 CR 01272, the court imposed sentences of ten years each for Barber's convictions on the charges of aggravated robbery, aggravated burglary, and kidnapping; one and one-half years for his conviction on the charge of disrupting public services; and ten years for the merged charges of felonious assault and attempted aggravated murder. The court ordered that Barber serve the sentence imposed in Case No. 2000 CR 00497 concurrently with the sentences imposed in Case No. 2000 CR 01272, although it ordered that each of the sentences in Case No. 2000 CR 01272 be served consecutively.

{¶ 5} Barber filed a direct appeal in Case No. 2000 CR 01272, raising two assignments of error. *State v. Barber*, 2d Dist. Montgomery No. 18784, 2002-Ohio-7100, ¶ 1-4 [hereinafter *Barber I*]. First, he argued that the trial court had improperly refused to allow him to introduce into evidence a certain statement allegedly made by the victim, and second, he argued that the State, in its closing statement, had unfairly commented on his choice not to testify in his own defense. We found that "this appeal [was] wholly frivolous" and affirmed the trial court. *Id.* at ¶ 13.

{¶ 6} With our decision in his direct appeal still pending, Barber filed a petition for post-conviction relief on October 15, 2002, which the trial court dismissed as untimely. On May 16, 2006, Barber filed another petition for post-conviction relief. The trial court

denied this petition, as well, and Barber initiated his second appeal. Raising four assignments of error, Barber argued essentially that "the trial court should have granted his petition because the * * * imposi[tion] [of] maximum, consecutive, and non-minimum sentences * * * violat[ed] * * * *Apprendi v. New Jersey*, 530 U.S. 466[, 120 S.Ct. 2348, 147 L.Ed.2d 435] (2000), *Blakely v. Washington*, 542 U.S. 296[, 124 S.Ct. 2531, 159 L.Ed.2d 403] (2004) and *State v. Foster*," 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *State v. Barber*, 2d Dist Montgomery No. 21837, 2007-Ohio-5649, ¶ 3 [hereinafter *Barber II*]. We affirmed, concurring with the trial court's determination that Barber's petition did not meet the jurisdictional requirements of R.C. 2953.23(A). *Id.* at ¶ 7-9.

{¶ 7} On August 7, 2008, the trial court resentenced Barber pursuant to R.C. 2929.191 because, when he was originally sentenced, it had not notified him that he would be subject to a mandatory period of postrelease control following his release from prison. The court, on August 8, 2008, accordingly docketed revised, nunc pro tunc termination entries in Case Nos. 2000 CR 00497 and 2000 CR 01272, after which Barber timely filed a third notice of appeal.[1]

{¶ 8} In his third appeal, Barber presented six assignments of error, arguing that his defense counsel had not provided effective assistance at trial; that the trial court erred by imposing more than one criminal sanction for allied offenses of similar import; and that his convictions for aggravated burglary, aggravated robbery, and attempted aggravated murder were void because the indictment in Case No. 2000 CR 01272 did not specify the mens rea for these offenses. *State v. Barber*, 2d Dist. Montgomery No. 22929, 2010-Ohio-831, ¶ 4-7, 19-20 and 25-27 [hereinafter *Barber III*]. We found that Barber's

---

[1] The original termination entries in both cases were docketed on March 7, 2001.

arguments lacked merit, were barred by res judicata, or were unsupported by the record—because Barber had not filed transcripts of his trial and his resentencing hearing—and we affirmed the trial court. *Id.* at ¶ 12-13, 16-17, 22 and 28-29.

{¶ 9} On June 14, 2011, Barber filed a motion for resentencing in Case No. 2000 CR 01272. He argued in the motion that the trial court should grant him a hearing, pursuant to R.C. 2941.25 and the then-recent decision of the Ohio Supreme Court in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, to determine whether some or all of the crimes for which he had been convicted were allied offenses. He further argued that the termination entries in the case (i.e. the original entry of March 7, 2001 and the revised entry of August 8, 2008) were not final appealable orders because neither specified the manner of his conviction. The trial court overruled Barber's motion, leading to Barber's fourth appeal. *State v. Barber*, 2d Dist. Montgomery No. 24770, 2012-Ohio-2332, ¶ 1 [hereinafter *Barber IV*]. We affirmed, finding that the motion amounted to an untimely petition for post-conviction relief, that *Johnson* did not apply, and that the trial court's nunc pro tunc termination entry of August 8, 2008 did constitute a final appealable order. *Id.* at 10, 12-14 and 20-21.

{¶ 10} Undaunted, Barber filed a combined motion for sentencing and an allied offense determination in Case Nos. 2000 CR 00497 and 2000 CR 01272 on October 3, 2013, asserting that the termination entries of August 8, 2008 did not properly indicate whether postrelease control was mandatory or discretionary; that the trial court did not make the findings required by Crim.R. 25 at his resentencing hearing of August 7, 2008; and, regardless of the fact that the court had merged several offenses during his original sentencing, that additional allied offenses of similar import should also have been

merged. The court overruled Barber's motion, and Barber commenced a fifth appeal. *State v. Barber*, 2d Dist. Montgomery No. 26612, 2015-Ohio-4607, ¶ 9 [hereinafter *Barber V*]. Yet again, we affirmed the trial court's decision, concurring with the court's determination that Barber's three assignments of error were barred by res judicata. *Id.* at ¶ 10-11.

{¶ 11} On April 13, 2015, Barber filed a motion for sentencing in Case Nos. 2000 CR 00497 and 2000 CR 01272 in which he argued that the termination entries were void because they did not specify the sequence in which he should serve the terms of imprisonment to which he has been sentenced. On December 10, 2015, he filed a motion to vacate in Case No. 2000 CR 01272 in which he argued that his convictions for attempted aggravated murder should be vacated because that crime is a non-cognizable offense, because the termination entry did not constitute a final appealable order, and because the trial court did not impose postrelease control before he fully served one or more of his terms of imprisonment. The trial court overruled both of the motions in a pair of decisions issued on August 24, 2016. In its decisions, the court found that: (1) Barber's motion for sentencing should be overruled because the issues raised in the motion were barred by res judicata; and (2) Barber's motion to vacate should be overruled because attempted aggravated murder is a cognizable offense, because the termination entry was a final appealable order, and because postrelease control was imposed before Barber had finished serving his aggregate sentence of 41 and one-half years. Barber now appeals from the trial court's decisions of August 24, 2016, raising three assignments of error.

**II. Analysis**

{¶ 12} For the first of his three assignments of error, Barber offers the following:

WHETHER, AND IN THE ABSENCE OF A WRITTEN WAIVER EXECUTED IN OPEN COURT, CRIM.R. 11(C)(2), EXECUTED IN OPEN COURT ON ADVISE OF THE COURT AS PER THE EFFECT OF AND CONSEQUENCES ASSOCIATED WITH SUCH WAIVER, A COURT MAY RENDER A JUDGMENT OF THE OFFENSE OF: "ATTEMPTED MURDER," O.R.C. SECTION 2903.02(B) IN THE ABSENCE OF A RESULTING DEATH AS DEFINED IN: *STATE V. NOLAN*, 2014 OHIO 4800, AT: [*P3]; AND HN4; AND, *STATE V. BIBLER*, *2014 OHIO 3375, AT: HN9, WITHOUT IMPLICATING DUE PROCESS AND EQUAL PROTECTION OF LAW PROVISIONS OF THE SIXTH AND FOURTEENTH AMENDMENTS.[2]

{¶ 13} The wording notwithstanding, Barber posits in his first assignment of error that attempted aggravated murder is a non-cognizable offense, meaning that his conviction for this offense should be vacated. *See* Appellant's Br. 3-5; Appellant's Reply Br. 1. He argues that he is " 'actually innocent' of the offense [of attempted] aggravated murder for want of a resultant death," or in other words, that his conviction for attempted aggravated murder in Case No. 2000 CR 01272 should be vacated because the victim did not die. *See* Appellant's Reply Br. 1. In response, the State argues, first, that Barber is barred from raising this issue by the doctrine of res judicata, and second, that attempted aggravated murder is a cognizable offense for which Barber was properly convicted.

---

[2] Barber's assignment of error includes a number of grammatical errors, unconventional punctuation and other idiosyncrasies. The bracketed material appears in the original and does not indicate editorial comment.

Appellee's Br. 3-6. Because a conviction for a non-cognizable offense would likely be void, rather than merely voidable, we consider the merits of the premise on which Barber bases this assignment of error. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus (holding that appellate review of a void sentence "is not precluded * * * by principles of res judicata" and may be sought "at any time, on direct appeal or by collateral attack"); *State v. Bozek*, 11th Dist. Portage No. 2015-P-0018, 2016-Ohio-1305, ¶ 21 (finding that a conviction for a non-cognizable offense is void).

{¶ 14} Barber's argument that attempted aggravated murder is not a cognizable offense is based largely on the Ohio Supreme Court's decision in *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016. In *Nolan*, the question presented was "whether it is possible to commit '<u>attempted felony murder</u>' " under Ohio law. (Emphasis added.) *Id.* at ¶ 5. Pursuant to the felony-murder statute, R.C. 2903.02(B), "[n]o person shall cause the death of another as a proximate result of the [person] committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of [R.C.] 2903.03 [voluntary manslaughter] or [R.C.] 2903.04 [involuntary manslaughter]." The Court answered the question in the negative, noting that for a defendant to be convicted under R.C. 2923.02, the attempt statute, he must "have acted purposely or knowingly." *Nolan*, 2014-Ohio-4800, ¶ 7; *see also* R.C. 2923.02(A). Incorporating the statutory definitions of the terms "purposely" and "knowingly," this means that the defendant "must be shown to have attempted to commit [a] crime and to have acted with the 'specific intention to cause a certain result,' " or to have acted with the " 'specific intention to engage in conduct' of [a certain] nature," or to

have acted with awareness " 'that his conduct [would] probably cause a certain result or [would] probably be of a certain nature.' " *Nolan*, 2014-Ohio-4800, ¶ 7, quoting R.C. 2901.22(A) and (B). Given that a conviction under the attempt statute requires a showing that the defendant acted purposely or knowingly, the Court concluded that "attempted felony murder is not a cognizable crime in Ohio" because "it is impossible to purposely or knowingly cause an unintended death." *Id.* at ¶ 7 and 10.

{¶ 15} Barber, on the other hand, was convicted of attempted aggravated murder pursuant to the attempt statute and R.C. 2903.01(B), which states, in relevant part, that "[n]o person shall <u>purposely</u> cause the death of another * * * while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, * * * kidnapping, * * *, aggravated robbery, robbery, aggravated burglary [or] burglary." (Emphasis added.) Unlike the felony-murder statute, which imposes an additional criminal sanction for the unintended consequences of certain criminal acts, R.C. 2903.01(B) imposes an additional criminal sanction only for purposeful conduct in connection with the commission of another crime. Because R.C. 2903.01(B) sanctions only purposeful conduct, the Court's reasoning in *Nolan* is inapplicable to Barber's conviction for attempted aggravated murder.

{¶ 16} The remainder of Barber's argument appears to be predicated upon a misapprehension or a mischaracterization of the proceedings before the trial court. In his reply brief, for example, Barber remarks that "by no stretch of the imagination could it be reasonabl[y] concluded that [his] <u>plea to attempted aggravated murder</u> (in the absence of a resultant death) was/is *intelligent [sic]." (Emphasis added.) Appellant's Reply Br. 2; *see also* Appellant's Br. 6. Barber, however, pleaded guilty to robbery under R.C.

2911.02(A)(3) in Case No. 2000 CR 00497, whereas a jury found him guilty of attempted aggravated murder in Case No. 2000 CR 01272. For all of the foregoing reasons, we find that Barber's argument lacks merit, and we therefore overrule his first assignment of error.

{¶ 17} Barber's second assignment of error is the following:

WHETHER THE FAILURE TO RENDER AN ARTICULATED ADJUDICATION OF GUILT IN A GUILTY PLEA CASE OFFENDS DUE PROCESS AND IMPLICATES THE JUDGMENT AS A FINAL APPEALABLE ORDER. *SEE*: *STATE V. POINDEXTER* (1988), 36 OHIO ST.3D 1, 5; *STATE V. WHITFIELD*, 124 OHIO ST.3D 319, AT: *24; *STATE V. LESTER*, 130 OHIO ST.3D 303, AT: [*P26]; AND, *STATE V. REESE*, 2007 OHIO 2267, AT: [*P26]. *SEE ALSO*: *STATE V. FRAZIER*, 2006 OHIO 3334, AT: [*P13].[3]

{¶ 18} In his second assignment of error, Barber contends that the trial court's termination entries do not constitute final appealable orders because they do not include determinations of guilt, and he seeks to have them vacated as a result. Appellant's Br. 7-9; Appellant's Reply Br. 3-4. The State contends in its response that this issue is barred by res judicata, and in the alternative, that a termination entry need not specify the manner of a defendant's conviction to satisfy the requirements of Crim.R. 32(C). Appellee's Br. 6-7. We find that this issue is barred by res judicata.

{¶ 19} Barber has already directly appealed from his convictions in Case No. 2000 CR 00497 and Case No. 2000 CR 01272. He brought a direct appeal in the latter case

---

[3] *See supra* note 2.

in *Barber I*, and following his resentencing, he brought a direct appeal in both cases in *Barber III*. *See Barber V*, 2015-Ohio-4607, ¶ 3-8. In accord with the doctrine of res judicata, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Although Barber could have challenged the finality of the termination entries in *Barber III*, he did not.[4] Consequently, unless the termination entries are void, as opposed to merely voidable, res judicata precludes our consideration of the merits of Barber's second assignment of error. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus (holding that appellate review of a void sentence "is not precluded * * * by principles of res judicata" and may be sought "at any time, on direct appeal or by collateral attack").

{¶ 20} A "void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act"; conversely, "a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27, citing *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995), and *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999). Here, Barber argues that the termination entries are void because neither specifies the manner of his conviction or expressly indicates that he was found "guilty."[5] *See* Appellant's Br. 7-9. The termination entries do not, in fact, specify

---

[4] In *Barber IV*, we nevertheless determined on the merits that the nunc pro tunc termination entry in Case No. 2000 CR 01272 was a final appealable order. *Barber IV*, 2012-Ohio-2332, ¶ 20-21.

[5] Barber never uses the word "void" in his argument. Appellant's Br. 7-9; Appellant's

the manner of Barber's convictions or expressly indicate that he was found "guilty," but these colorable deficiencies do not render the entries void. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 13-16 (stating that "the fact that a defendant may be entitled to a revised order setting forth an inadvertently omitted term that is required by Crim.R. 32(C) as a matter of form does not prevent an original order that conforms to the substantive requirements of Crim.R. 32(C) from being final"); *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 13-18.

{¶ 21} In *Lester*, the Ohio Supreme Court held that a judgment of conviction is a final appealable order "when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester*, 2011-Ohio-5204, ¶ 14. The Court found this to be consistent with its earlier cases, though it acknowledged that its decision three years earlier in *Baker* had apparently "created confusion and generated litigation regarding whether a trial court's inadvertent omission of a defendant's 'manner of conviction' affects the finality of a judgment entry of conviction." *See id.* at ¶ 9, 13-14. To resolve any such confusion, the Court indicated that its opinion in *Lester* "modif[ied] [its] holding in *Baker*" to the "extent that *Baker* implies, or has been interpreted," otherwise. *Id.* at ¶ 14.

{¶ 22} The termination entries in Case No. 2000 CR 00497 and Case No. 2000 CR 01272 satisfy the four requirements listed by the Ohio Supreme Court in *Lester*. As a result, the entries are not void, and Barber's challenge to their finality is barred by res judicata. Accordingly, Barber's second assignment of error is overruled.

Reply Br. 3-4. Yet, he states equivalently that "there simply exist[s] * * * no judgment of conviction nor * ** final appealable order as a matter of law and fact." Appellant's Br. 9; *see also* Appellant's Reply Br. 3-4.

{¶ 23} Barber's third assignment of error is the following:

WHETHER THE TRIAL COURT'S FAILURE TO INDICATE ["THE SEQUENCE"] WITH WHICH THE CONSECUTIVE SENTENCES WERE/ARE TO BE SERVED IMPLICATES DUE PROCESS AND A FINAL APPEALABLE ORDER PURSUANT TO: *STATE V. KISH*, 2014 OHIO 699, AT: HN1; AND, HN2, AND FURTHER RENDERS THE JUDGMENT A MERE NULLITY AND VOID FOR AN INCLUSIVE POSTRELEASE CONTROL NOTIFICATION(S) WHICH WER/ARE "CONTRARY TO LAW," PURSUANT TO: O.R.C. § 2943.032(E); O.R.C. § 2967.28, AS DISTINGUISHED IN: *STATE V. HOLDCROFT*, 137 OHIO ST.3D 526, AT: [6]; *STATE V. BEZAK*, 114 OHIO ST.3D 94; AND, *STATE V. JORDAN*, 104 OHIO ST.3D 21 WITH WHICH WE RECOGNIZE, THAT:

"THE ROLE OF THE TRIAL JUDGE IN FELONY SENTENCING IS ['OFFENSE-SPECIFIC'] NOR ['INCARCERATION-SPECIFIC'], AND A PRISON SANCTION THAT FORMS A SENTENCE FOR ONE OFFENSE ['CANNOT BE PACKAGED'] WITH A PRISON SANCTION FOR ANOTHER OFFENSE." *ID.*, AT: *HOLDCROFT, SUPRA.*, AT: [6].[6]

{¶ 24} In his third assignment of error, Barber argues that his convictions are void for four reasons: (1) because the trial court did not establish the sequence in which he is to serve the consecutive terms of imprisonment to which he has been sentenced; (2)

---

[6] *See supra* note 2.

because the termination entries in Case Nos. 2000 CR 00497 and 2000 CR 01272 do not comport with the requirements of R.C. 2943.032; (3) because the court did not impose postrelease control sanctions in connection with his convictions for felonious assault and disrupting public services; and (4) because, when the court resentenced him in August, 2008, it did not specify the conviction to which his five-year postrelease control sanction applies.   Appellant's Br. 10-13; Appellant's Reply Br. 4.   The State responds that these issues are precluded by res judicata, adding that even considered on their merits, Barber's arguments are unavailing because the trial court was not affirmatively required to establish the sequence of Barber's consecutive sentences, and because, in multiple offense cases, only one postrelease control sanction may be imposed.   Appellee's Br. 7-8.   We find that the issues Barber raises in his third assignment of error are barred by the doctrine of res judicata.

{¶ 25} As we observed above, Barber may appeal his sentences at this point only if they are void, rather than voidable.   *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus; *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16; *see also Barber V*, 2015-Ohio-4607, ¶ 3-8 (indicating that Barber has already appealed his sentencing in both of his cases before the trial court).   The trial court's failure to establish the sequence in which Barber is to serve his consecutive sentences does not render the sentences void.   *See State v. McBride*, 11th Dist. Trumbull No. 2016-T-0006, 2017-Ohio-891, ¶ 18-23; *State v. Jackson*, 7th Dist. Mahoning No. 13 MA 121, 2014-Ohio-2249, ¶ 34-36 and 43-44. Moreover, regardless of whether Barber's sentences would be void for non-compliance with R.C. 2943.032, the statute implicates only the termination entry in Case No. 2000

CR 00497 inasmuch as it applies only to those cases in which a court is "accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony." Both of the termination entries in Case No. 2000 CR 00497, however, include the notification required by R.C. 2943.032.[7] Furthermore, Barber's sentences in Case No. 2000 CR 01272 are not rendered void merely because the trial court did not impose postrelease control sanctions specifically applicable to his convictions for felonious assault and disrupting public services.[8] *See* R.C. 2967.28(F)(4)(c); *State v. Cox*, 2d Dist. Montgomery No. 26248, 2015-Ohio-895, ¶ 7; *State v. Jones*, 2d Dist. Greene No. 2012 CA 8, 2012-Ohio-4446, ¶ 9 (stating that "when multiple terms of imprisonment are imposed, a notification [need] specify [only] the maximum term of post-release control to which the defendant will be subjected as a result"); *State v. Sulek*, 2d Dist. Greene No. 09 CA 75, 2010-Ohio-3919, ¶ 23-25; *see also State v. Reed*, 2012-Ohio-5983, 983 N.E.2d 394, ¶ 11-12 (6th Dist.). These three issues are therefore barred by the doctrine of res

---

[7] R.C. 2943.032 states that "[p]rior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony, if the court imposes a prison term upon the defendant for the felony, and if the offender violates the conditions of a post-release [sic] control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months."

[8] In *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, the Ohio Supreme Court held that "when a judge fails to properly impose statutorily mandated postrelease control as part of a defendant's sentence, the postrelease control sanction is void," but "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Holdcroft*, ¶ 7. Here, even if the trial court's failure to impose postrelease control in connection with Barber's convictions for felonious assault and disruption of public services is erroneous, the associated findings of guilt and terms of imprisonment would still not be subject to review under *Holdcroft*.

judicata.

{¶ 26} Finally, Barber argues that the postrelease control sanction imposed by the trial court in Case No. 2000 CR 01272 is void because the court "may not impose a period of postrelease control [for] [a] sentence[] [that] the defendant [has] already served."[9] Appellant's Reply Br. 4; *see also* Appellant's Br. 10-12. He contends that because the trial court did not establish the sequence in which he is to serve his consecutive sentences or specify the offense for which it imposed the five-year postrelease control sanction, the sanction is void, and he is entitled to a new sentencing hearing. Appellant's Reply Br. 4. In its *Holdcroft* decision, the Ohio Supreme Court noted that it "has consistently and repeatedly held that a trial court loses jurisdiction to resentence a defendant for the purpose of imposing postrelease control once the defendant has served his entire sentence of incarceration." (Citations omitted.) *Holdcroft*, 2013-Ohio-5014, ¶ 5. Because the postrelease control sanction imposed in Case No. 2000 CR 01272 would be void if Barber had already served his entire sentence for the associated conviction, res judicata does not bar our consideration of this issue.

{¶ 27} Barber began serving his sentences in Case No. 2000 CR 01272 on or about March 8, 2001, and the trial court acknowledged that he was, to that point, entitled to 320 days of jail time credit. Jail Time Credit Report 1, Jan. 25, 2002; Def.'s Mot. for Jail Time Credit 1, Jan. 24, 2002. As such, when the trial court entered its nunc pro tunc termination entry on August 8, 2008, Barber had served approximately eight years and three months of incarceration. Because the termination entry does not establish the

---

[9] Barber does not appear to have raised this issue in his initial brief. We have, even so, addressed the issue because Barber did raise it in the motion to vacate he submitted to the trial court.

sequence in which Barber is to serve his various sentences, we construe the resulting ambiguity in Barber's favor. *See State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121, ¶ 23. Thus, we conclude that by August 8, 2008, Barber had finished serving his five-year sentence for robbery in Case No. 2000 CR 00497 and his one and one-half year sentence for disrupting public services in Case No. 2000 CR 01272.

{¶ 28} Under R.C. 2967.28(B)(1), however, the trial court, on August 8, 2008, could have imposed a five-year term of postrelease control only for a felony of the first degree. The court imposed four sentences of ten years each for first-degree felony offenses in Case No. 2000 CR 01272: one ten-year sentence for aggravated burglary; one ten-year sentence for aggravated robbery; one ten-year sentence for kidnapping; and one ten-year sentence for the three merged counts of attempted aggravated murder. Hence, at the time the trial court resentenced Barber, he could not have completed serving the sentence for an offense to which the five-year postrelease control sanction applied. Consequently, the five-year postrelease control sanction to which the trial court sentenced Barber in Case No. 2000 CR 01272 is not void, and res judicata precludes our consideration of this issue. Barber's third assignment of error is overruled.

### III. Conclusion

{¶ 29} We find that Barber's assignments of error are either barred by the doctrine of res judicata or lack merit. Therefore, we affirm the decisions of the trial court.

. . . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
Curtis L. Barber
Hon. Dennis J. Langer